CAMPBELL et al. v. RICHARDSON et al.

(Circuit Court of Appeals, Third Circuit. October 16, 1896.)

No. 5.

PATENTS—CONSTRUCTION OF CLAIM—INFRINGEMENT—GARMENT HOOKS.

The De Long patent, No. 462,473, for an improvement in garment hooks, is limited by the words, "substantially as described," to the form of hooks shown and described, namely, one in which the free end of the wire is carried to "the rear end of the shank, and there formed into an eye," giving to the hook three eyes by which to attach it, instead of two, as formerly. 72 Fed. 525, reversed.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

This was a suit in equity by William Campbell and J. J. Smith against Thomas De Q. Richardson and others for alleged infringement of a patent for an improvement in garment hooks. The circuit court sustained the patent, and found that defendants had infringed, and decreed accordingly. 72 Fed. 525. The defendants have appealed.

Geo. H. Christy, Wm. L. Pierce, and Allen Webster, for appellants. Wm. C. Strawbridge and Frederick P. Fish, for appellees.

Before DALLAS, Circuit Judge, and BUTLER and WALES, District Judges.

BUTLER, District Judge. The bill charges infringement of the first claim of letters patent, No. 462,473, dated November 3, 1891, for an invention of Frank E. De Long. The claim reads as follows:

"(1) A garment-hook consisting of a shank, a hook proper, and a tongue continuous of each other, said tongue being looped and normally closing the space between the shank and hook proper and having its free end returned to the rear of the shank, substantially as described."

The respondents' hook, which is charged to infringe, is similar in construction to the complainants' except that the free end of

the wire of which it is formed, is cut off near the rear of the shank.

The only question which need be considered is one arising upon the construction of the claim. Looped or "humped" hooks were not invented by De Long; but were very old. He had taken out two patents for improvements in them, as the record shows, which are undistinguishable from that of his third patent, now involved—except in the single feature hereinafter noted. The free end of the wire in each of his former hooks were cut off forward, and so bent as to avoid danger of injury to the garment on which it might be used. Of course it is unimportant whether the loop be formed by bending the wire upward or downward, or whether it be placed in what the patent calls the "hook proper," or in the shank opposite; and it is equally unimportant whether the free end of the wire be carried to the rear, or terminated sooner. If therefore, the words "substantially as described," be omitted from the claim, and the preceding language be taken literally, nothing new would be embraced and the claim would consequently be invalid. This seems to be clear; for there would be nothing, as we have seen, to distinguish the hooks thus described from those of De Long's former patents, except the merely formal differences before stated,—the end of the wire, when cut off at the rear of the shank serving no purpose, that is not as well served by cutting it further forward, as provided for in the earlier patents. The words referred to cannot, however, be omitted; they are part of the claim, and control its construction. The hook named therein is the one described in the specification and drawing; the claim expressly so declares. The only hook, thus described, either in the specification or drawing is one with the free end of the wire carried to "the rear of the shank, and there formed into an eye" giving to the hook three eyes by which to attach it, instead of two as formerly. The drawing shows this peculiar hook and no other, and the specification describes it particularly, declaring it to be an "embodiment of the invention" and does not suggest any other. Indeed the language of the specification seems to preclude the belief, that any other was thought of. It is as follows:

"The free end of the jaw is provided with an eye 8, which is adjacent to the eyes 4 and disconnected therefrom, it being noticed that the jaw is elastic in its nature and may yield when subjected to superior pressure, this being occasioned when the eye to be connected with the hook is presented to the jaw and forced past the same, so that said jaw opens and allows said eye to reach the bend 3, on the inner side of which it is seated, the jaw then being closed and controlling said eye. The eye formed on the end of the jaw is secured in a manner similar to eyes 4 4, so that the resiliency of said jaw is increased and the jaw more firmly sustained in

*Fig. 1.*  *Fig. 2.*  *Fig. 3.*

Its normal position. The eyes 4 and 8 provide means for connecting the hook with the garment or other place of service, said eye 8 also preventing the jaws from presenting an exposed edge."

It is thus seen that a special function is ascribed to the peculiar disposition made of the free end of the wire.

The suggestion, that this construction leaves no distinction between the first and following claims, has no force. The fault is not in the construction, but in the language of the claims, and the specification and drawing. Such similarity in claims is not unfrequent in patents, where several are founded on a single novel feature in a device. Patentees seem fond of multiplying claims, inspired probably by a fear that they may not otherwise get all they are entitled to. Here the first claim covers all the novelty to be found in either the specification or drawing.

With the claim thus construed, the respondents' hook does not infringe. It is in all material respects similar to that of De Long's first patent.

The decree must be reversed and the bill dismissed with costs.