THEO. J. ELY MFG. CO. v. FRITSCH.†

(Circuit Court of Appeals, Third Circuit.   November 23, 1912.)

No. 1,674.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—MOP WRINGER.
        The Hoffman patent, No. 671,136, for a mop wringer, though of narrow scope, covers a new combination, which has met with commercial success and is valid; also held infringed.

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in equity by Frank M. Fritsch against the Theo. J. Ely Manufacturing Company.   Decree for complainant, and defendant appeals. Affirmed.

J. C. Sturgeon, of Erie, Pa., for appellant.
Chester C. Shepherd and George M. Finckel, both of Columbus, Ohio, for appellee.

Before GRAY, BUFFINGTON, and McPHERSON, Circuit Judges.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
                                        † Rehearing denied.

J. B. McPHERSON, Circuit Judge. This is the ordinary suit in equity for the infringement of a patent. Judge Orr's opinion, which has not been reported, is as follows:

"Plaintiff charges infringement of letters patent of the United States No. 671,136, for mop wringer, which on April 2, 1901, was issued to Frank Hoffman, who subsequently assigned the same to plaintiff. There is but one claim, which is as follows:

" 'In a mop wringer, the combination of two bridges *17* each having at each end an angular flange *18*, fitted to the interior curvature of the side of the bucket and whereby these bridges are secured parallel to each other and below the upper edge of the bucket, upwardly and downwardly projecting roller bearings 15 and 16 on each, stationary rollers supported in these bearings, one above the other, an operating device shaped of one piece in a manner to form two operating levers, one on each side of the bucket, it consisting for such purpose of the lower part *23* curved around the outside of the bucket and supporting a step *27*, and having the upwardly bent parts *24*, the upper ends *25* of which are turned over and around the upper edge of the bucket and down into the space between it and bridges *17*, such downwardly extended ends being in close proximity to said bridges, pivot studs *22* projecting laterally from opposite sides of the bucket on which the operating device is pivotally supported, a movable roller having journals *19*, slots *26* in the downwardly extending upper ends of the angle levers and horizontal slots *21* in the bridges, which two slots on each side are simultaneously occupied by a journal *19* on each end· of this movable roller, slots *21* being so located as to guide this latter during operation toward the stationary rollers, and a spring to normally keep these rollers apart.'

"It is apparent to one reading that claim that many of the elements of the combination are old. To consider separately the 15 or more elements in the light of the 22 patents offered by defendant to show the state of the prior art would be a work of supererogation. It is sufficient to say that the precise combination is not found in the prior art, and that the use thereof by the plaintiff has given him a large and widely extended market for his mop wringers during a period of 10 years and until the defendant's mop wringer was put upon the market. The patent is valid, although ·the invention is not of broad character. If no parol evidence had been offered upon the question of infringement, except the identification of the respective mop wringers of the parties, infringement would be almost apparent. Specially close observation is required to distinguish differences between them until attention is directed from their marked resemblances to each other. All the elements found in the claim of the patent appear to be found in defendant's structure. The court cannot escape the conclusion that such variations as do exist are colorable. If there were a substantial difference in structure or in operation, or if there were any new element in defendant's device which performs any new or different function, the doctrine of equivalents should not be applied. As it is, the defendant will not be permitted to escape infringement. Lourie v. Lenhart, 130 Fed. 122, 64 C. C. A. 456.

"Defendant presses upon the court that the bill should be dismissed, because it does not waive an answer under oath, and the evidence offered by plaintiff was insufficient to overcome the sworn answer 'denying the validity of the patent,' and the evidence in support of the answer. This position is not well taken for various reasons: (a) The plaintiff, his traveling salesman, and his expert all testified in plaintiff's behalf. No person but defendant's expert testified for the defense. There was no testimony in rebuttal. (b) An averment that a patent is invalid is the conclusion of the pleader, not such a statement of fact as makes a responsive answer evidence. (c) Had there been but one witness for the plaintiff as to infringement, the mop wringer of the defendant was more than equivalent to the testimony of another.

"Let a decree be drawn in accordance with this opinion."

We shall add little to this brief, but adequate, discussion. The likeness of the two devices is so close that only a careful examination can detect the inconsequential differences. It is true that the parallel bridges in the defendant's device are secured by angular flanges that are fitted to the exterior, instead of the interior, curvature of the bucket, and that the downwardly extended upper ends 25 of the levers 24 are placed in the space between the bridges instead of the space between the sides of the bucket and the bridges; but these differences are evidently of no importance. Neither was it important to cut off the lower limb of the slot 21, and to curve the bridge slightly instead of retaining the straight bridge of the patent. The patentee's straight slotted bridge, and the defendant's curved bridge without a slot, perform the same function in the same manner, and one is a plain equivalent of the other.

The patent is undoubtedly narrow in its scope. It makes no broad claim, and in view of the prior art none could be made, but the combination is concededly new, and we cannot agree that it is an aggregation merely. The numerous patents now cited against it show that the small problem involved was still a problem in 1901, although numerous inventors had tried to solve it; and the patentee's unquestioned and considerable success certainly affords some evidence—and we think sufficient evidence—that he had taken the inventive step that no one else had seen. Specific as the claim is, however, it deserves protection against such a palpably colorable evasion as the defendant's device presents. It is hardly too much to say that the defendant has been making, not an equivalent, but an identical, article. Lepper v. Randall, 113 Fed. 627, 51 C. C. A. 337.

The decree is affirmed, with costs.