**J.M. HUBER CORPORATION, Plaintiff,**

v.

**POSITIVE ACTION TOOL OF OHIO COMPANY, INC., Lotus Oil Tool Inc., Donald E. Sable and McClung/Sable Partnership, Defendants,**

and

**Enterra Patco Oilfield Products, Inc., formerly Guideco Corp., Intervenor.**

Civ. A. No. H–93–2589.

United States District Court,
S.D. Texas,
Houston Division.

March 21, 1995.

Jacks C. Nickens, Clements, O'Neill, Pierce & Nickens, C. James Bushman, Browning, Bushman, Anderson & Brookhart, Houston, TX, for plaintiff.

Eugene Montgomery Nettles, Scott, Douglass & Luton, Houston, TX, for intervenor.

J. Clifford Gunter, III, Bracewell & Patterson, Daniel O. Goforth, Goforth, Lewis, Scott & Williams, Houston, TX, for defendants.

### MEMORANDUM AND ORDER DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT RE PATENT INFRINGEMENT, AND DENYING INTERVENOR'S CROSS–MOTION FOR PARTIAL SUMMARY JUDGMENT

STACY, United States Magistrate Judge.

Pending before the Court is Plaintiff J.M. Huber Corporation's Motion for Partial Summary Judgment Re Patent Infringement (Instrument No. 63) and Intervenor Enterra Oilfield Products Inc.'s Cross–Motion for Partial Summary Judgment (Instrument No. 122) pursuant to Rule 56 of the Federal Rules of Civil Procedure. On February 4, 1994, the parties consented to trial before United States Magistrate Judge Frances H. Stacy. Upon such consent, the District

Judge referred the case for all proceedings to the Magistrate Judge.

Having considered the motions, the submissions of the parties, and the applicable law, the Magistrate Judge ORDERS that Plaintiff J.M. Huber Corporation's Motion for Partial Summary Judgment is DENIED, Intervenor Enterra's Cross–Motion for Partial Summary Judgment is DENIED, and Intervenor Enterra's Request for Oral Argument on its Cross–Motion for Partial Summary Judgment is DENIED.

## I. Factual Background

On March 9, 1993, the United States Patent and Trademark Office issued U.S. Patent No. 5,191,938 ("the '938 patent") to Defendants Donald E. Sable and his son, Donald E. Sable Jr., covering a down hole rod guide assembly for centralizing "sucker rods" used with rotating down hole pumps in oil wells. Positive Action Tool of Ohio Company, Inc. ("Patco") began selling an embodiment of the patented device under the trade name "LHR Rod Guide." Enterra Patco Oilfield Products, Inc. ("Enterra") acquired its rights to the '938 Patent in November 1993, and now sells an embodiment of the patented device under the trade name "PC–Plus Rod Guide." Before Enterra acquired its rights to the '938 Patent, Huber had entered into negotiations with Patco to purchase Patco and other entities from Mr. Sable. However, the negotiations were unsuccessful. Thereafter, Plaintiff J.M. Huber Corporation ("Huber") allegedly copied the Patco LHR rod guide design, prior to the issuance of the patent, and began marketing its product under the trade name "Spin–Thru." Huber later modified its original "Spin–Thru" design and began marketing the product as the "Scalloped End Guide." It is this latter product which is at issue in the underlying cause of action initiated by Huber.

## II. Procedural Background

On August 20, 1993, Huber filed a declaratory judgment action against Patco and Donald E. Sable. Huber sought a declaration that (1) it had not infringed upon patent 5,191,938; (2) that patent 5,191,938 is invalid and/or unenforceable; and (3) that Patco and Sable cannot threaten or maintain suit against Huber for infringement of patent 5,191,938. Huber also sought an injunction against Patco and Sable preventing them from initiating, maintaining or threatening a patent infringement suit against Huber or its customers.

On July 14, 1994, this Court granted Enterra's Motion to Intervene. Subsequently, on July 29, 1994, Huber filed a Motion for Partial Summary Judgment Re Patent Infringement. In response, Enterra filed a Cross–Motion for Partial Summary Judgment on January 6, 1995.

## III. Arguments of the Parties

In support of their Motion for Partial Summary Judgment Re Patent Infringement, Huber argues: (1) the Scalloped End Guide cannot literally infringe the '938 Patent because the scope of protection of the '938 Patent does not cover the Huber product;[1] (2) there is no infringement under the Doctrine of Equivalents;[2] and (3) the Doctrine of File Wrapper Estoppel prevents any expansion of the claims of the '938 patent.[3] Instrument Nos. 63 & 64.

In response, Patco submits that where the object of the invention was "to prevent longitudinal displacement of the rod guide on the rotor," Huber's Scalloped End Guide does

---

1. Specifically, Huber contends that Scalloped End Guide does not have annular surfaces on the ends of the stator. Therefore, the absence of such annular surfaces in Huber's product compared with the presence of the same in the patented product amounts to an "important difference" which precludes a finding of infringement of the '938 Patent. Instrument No. 63 at 2–3.

2. Specifically, Huber claims that the absence of a 360 degree annular-to-annular surface "pads" at each end of the stator for the Scalloped End Guide results in a rod guide that does not "per-

form substantially the same function and do not accomplish substantially the same result" as the patented product. Instrument No. 63 at 4.

3. Specifically, Huber argues that the defendants are "estopped from claiming any construction of the '938 patent which would result in infringement by any product which, like the prior art, has less than 180 degrees of its total circumferential pads in engagement with an opposing surface." Instrument No. 63 at 5.

literally infringe the '938 Patent because the scalloped ends prevent longitudinal movement of the rod guide. Instrument No. 70 at 2–3. Furthermore, Patco argues that a party "may not escape liability for infringement by adding to or subtracting from a patented device, by changing its form or making it more or less efficient while retaining its principle mode of operation." [4] In addition, Patco argues that Huber's Scalloped End Guide does infringe the '938 Patent under the Doctrine of Equivalents since the mere removal of "unnecessary portions of the end" while still preventing the lateral movement of the stator on the rotor does not circumvent a claim of infringement. Instrument No. 70 at 7–9. Also, Patco argues that the Doctrine of File Wrapper Estoppel is inapplicable in the instant case since there is a literal infringement of the '938 Patent. Instrument No. 70 at 9–10.

In response Enterra argues: (1) Huber's Scalloped End Guide clearly infringes the '938 Patent, as a matter of law; and (2) if Huber's Scalloped End Guide does not literally infringe the '938 Patent, it does infringe under the Doctrine of Equivalents.[5] In the alternative, Enterra requests that the Court find that a genuine issue of material fact exists as to whether or not Huber's Scalloped End Guide infringes the '938 Patent. Instrument No. 122 at 3.

In support of its Cross–Motion for Partial Summary Judgment, Enterra argues that the Spin–Thru Guide infringes on the '938 Patent either literally or by the Doctrine of Equivalents.[6] Additionally, Enterra requests oral argument on its Cross–Motion for Partial Summary Judgment.

## IV. Summary Judgment is Improper

Summary judgment is proper when pleadings and evidence on file, along with affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The substantive law determines which facts are material, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986), and the Court must view these facts and the inferences to be drawn from them in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88, 106 S.Ct. 1348, 1356–57, 89 L.Ed.2d 538 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)); *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir.1986).

The burden of proof is on the moving party to show an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–27, 106 S.Ct. 2548, 2552–55, 91 L.Ed.2d 265 (1986). Once this burden has been met, the nonmoving party can resist the motion for summary judgment by making a positive showing that a genuine dispute of material fact does indeed exist and that it consists of more than bare allegations in briefs and pleadings. *Anderson*, 477 U.S. at 250, 106 S.Ct. at 2511. The plain language of Rule 56(c) mandates the entry of summary judgment, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and upon which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552.

While summary judgment is not improper per se in a patent case, if summary judgment is to be used, the case for summary judgment must be made out "clearly and beyond the peradventure of a doubt." *Gray Tool Co. v. Humble Oil & Refining Co.*, 186 F.2d 365, 366 n. 3 (5th Cir.) *cert. denied*, 341 U.S. 934, 71 S.Ct. 854, 95 L.Ed. 1363

---

**4.** Citing to *Lourie Implement Co. v. Lenhart*, 130 F. 122 (8th Cir., 1904).

**5.** Specifically, Enterra argues that the prosecution history of the '938 Patent does not limit the Doctrine of Equivalents with respect to Huber's Spin–Thru Guide, as the amount of annular surface between the parts of the patented device was not the basis upon which the '938 patent was allowed.

**6.** Specifically, Enterra refers to the affidavit of Dr. Joe Fowler, and a drawing of Huber's Spin–Thru Guide as a basis for their argument that the Huber device infringes every claim of the '938 Patent. Instrument No. 122 at 38.

(1951). In addition, summary judgment is an extraordinary remedy which "is to be used sparingly particularly in cases involving patent infringement." *TWM Manufacturing Co. v. Dura Corp.*, 189 U.S.P.Q. 518, 1975 WL 21197 (E.D.Mich., 1975); *McDonald v. Motorola Communications*, 212 U.S.P.Q. 578, 1981 WL 40572 (N.D.Ill.1981).

■ Furthermore, factual statements proffered by the inventor that the accused embodiment is equivalent to his claims raise a genuine issue of material fact which precludes summary judgment. *Palumbo v. Don–Joy Co.*, 762 F.2d 969 (C.A.F.C.1985); *Acoustiflex Corp. v. Owens–Corning Fiberglas Corp.*, 572 F.Supp. 936, 937 (N.D.Ill.1983) (stating that summary judgment is inappropriate in a patent case involving allegations of equivalence, or disagreement between experts leaving an undecided question of fact).

■ In the instant case, putting aside the numerous tangential arguments raised by all parties, there still remains a fundamental question as to whether or not the '938 Patent was infringed upon.[7] Through their respective submissions to the court, all parties have presented arguments that make the issue of infringement a viable question of fact. As such, summary judgment in the instant case is not an appropriate remedy. It is well established that summary judgment should not be granted in a patent suit if there is a substantial issue as to infringement, even though a question of validity is not presented, since infringement is a question of fact. *Van Wormer v. Champion Paper & Fibre Co.*, 28 F.Supp. 813 (D.C. Ohio, 1939).

## V. Literal Infringement is a Question of Fact

■ An accused device literally infringes if it embodies every element of the claim in the suit. *Townsend Engineering Co. v. HiTec*, 829 F.2d 1086, 1090 (Fed.Cir. 1987); *Builders Concrete, Inc. v. Bremerton Concrete Products Co.*, 757 F.2d 255, 257 (Fed.Cir.1985). Furthermore, literal in-

fringement is a question of fact. *Hilton Davis Chemical Co. v. Warner–Jenkinson Co., Inc.*, 1993 WL 761179 (Fed.Cir.1993); *Charles Greiner & Co. v. Mari–Med Mfg.*, 962 F.2d 1031, 1034 (Fed.Cir.1992); *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1125 (Fed.Cir.1985).

■ In the instant case, the issue of literal infringement remains a fundamental point of contention between the parties. Specifically, Huber alleges that the Scalloped End Guide cannot literally infringe the '938 Patent by virtue of its design (i.e. that it is readily distinguishable from the patented product). Instrument No. 64 at 3–5. Huber offers the Affidavit of H.O. Mohr in support of its argument. Instrument No. 64, Exhibit A. In response, Patco argues that infringement is not averted by "adding to or subtracting from a patented device, by changing its form, or making it more or less efficient...."[8] In its response, Enterra offers affidavit testimony and arguments alleging the "Scalloped End Guide embodies every element of the '938 Patent, either literally or through the Doctrine of Equivalents." Instrument No. 122 at 11–20.

Because there remains a genuine issue of material fact with regard to the alleged literal infringement of the '938 Patent, summary judgment is not an appropriate remedy.

## VI. Doctrine of Equivalents

■ The essence of the doctrine of equivalents is that it permits recovery for infringement where the accused device does not fall within the scope of the claims and is therefore outside their literal scope. *Environmental Instruments Inc. v. Sutron Corp.*, 877 F.2d 1561, 1565 (Fed.Cir.1989). In general, application of the doctrine is the exception, not the rule, as it is considered equitable in nature. *Extrel FTMS, Inc. v. Bruker Instruments, Inc.*, 22 U.S.P.Q.2d 1945, 1948, 1992 WL 9869 (C.A.F.C.1992).

---

7. All parties have presented affidavit testimony and arguments which this Court finds raise a fact issue with regard to the alleged infringement of the '938 Patent. *See* Instrument Nos. 63, 64, 70, 122, 128, 129 & 133.

8. Instrument No. 70 at 5, citing to *Lourie Implement Co. v. Lenhart*, 130 F. 122 (8th Cir., 1904).

Infringement may be found under the Doctrine of Equivalents if an accused embodiment "performs substantially the same overall functions or work, in substantially the same way, to obtain substantially the same overall result as the claimed invention." *Wilson Sporting Goods Co. v. David Geoffrey & Assocs.*, 904 F.2d 677, 683 (C.A.F.C.1990). However, a finding of equivalence does not require complete identity for every purpose and in every respect. *Nestier Corp. v. Menasha Corp.*, 739 F.2d 1576, 1579 (C.A.F.C.1984). Furthermore, infringement under the Doctrine of Equivalents is a question of fact. *Charles Greiner & Co. v. Mari–Med Mfg. Inc.*, 962 F.2d 1031, 1034 (Fed.Cir. 1992).

In the instant case, Huber alleges that the Scalloped End Guide, due to the differences in the design of its product, does not perform substantially the same function nor does it accomplish substantially the same result as the patented product. Instrument No. 63 at 4. As such, Huber claims that the Scalloped End Guide cannot infringe the '938 Patent under the Doctrine of Equivalents. In response, Patco raises issue with the alleged non-similarities between the Huber product and the Patco product. Specifically, Patco argues that the Scalloped End Guide performs the same function as the patented product, (i.e. limiting the longitudinal movement of the stator relative to the rotor), and therefore infringes upon the '938 Patent.[9] Instrument No. 7 at 8–9. In addition, Enterra argues that a "partial variation does not avoid infringement."[10] Instrument No. 122 at 10.

Therefore, where infringement of the '938 Patent remains a genuine issue of material fact, infringement under the Doctrine of Equivalents is likewise found to be a question of fact for which a summary judgment is not appropriate.

## VII. Doctrine of File Wrapper Estoppel is Inapplicable

The essence of file wrapper estoppel is that an applicant who has limited or modified a claim in order to avoid its rejection by the Patent and Trademark Office may not thereafter expand the claim by including subject matter thus excluded. *Bepex Corp. v. Black Clawson Co.*, 208 U.S.P.Q. 109, 119–20, 1980 WL 30281 (S.D. Ohio, 1980). Prosecution history estoppel, as it is otherwise known, applies only if the alleged limitation was relied upon to obtain the patent. *SRI Int'l v. Matsushita Elec. Corp.*, 775 F.2d 1107, 1119–20 (Fed.Cir.1985).

However, the Doctrine of File Wrapper Estoppel has no applicability to a claim that has been literally infringed. *Johns–Manville Corp. v. Guardian Indus. Corp.*, 223 U.S.P.Q. 974, 975, 1984 WL 63627 (E.D.Mich.1984). The application of prosecution history estoppel is a question of law.[11] However, this Court finds that a determination must be made as to the issue of literal infringement before it can render an opinion as to the applicability or nonapplicability of the Doctrine of File Wrapper Estoppel.

Based on the foregoing, the Magistrate Judge ORDERS that:

(1) Plaintiff Huber's Motion for Partial Summary Judgment Re Patent Infringement (Instrument No. 63) is DENIED,

(2) Intervenor Enterra's Cross–Motion for Partial Summary Judgment (Instrument No. 122) is DENIED, and

(3) Intervenor Enterra's Request for Oral Argument on its Cross–Motion for Partial Summary Judgment is DENIED.

The Clerk shall provide a true copy of this Order to all counsel and unrepresented parties of record.

9. In support of its argument, Patco cites to *Graver Tank & Mfg. Co. v. Linde Air Products Co.*, 339 U.S. 605, 607, 70 S.Ct. 854, 856, 94 L.Ed. 1097 (1950) (stating that "to permit limitation of a patented invention which does not copy every literal detail would be to convert the protection of the patent grant into a hollow and useless thing.")

10. Citing to *Hughes Aircraft Co. v. United States,* 717 F.2d 1351, 1362 (Fed.Cir.1983).

11. *Loctite Corp. v. Ultraseal Ltd.,* 781 F.2d 861, 871 (C.A.F.C.1985).