## FRAIM v. KEEN.[1]

*(Circuit Court, E. D. Pennsylvania.  November 2, 1885.)*

1. PATENTS FOR INVENTIONS—IMPROVEMENTS IN SCANDINAVIAN PADLOCKS—INVENTION.
   Reissued letters patent No. 10,272, granted to Edward T. Fraim (inventor) jointly with Miller W. Fraim, (assignee,) January 16, 1883, for an improvement in Scandinavian padlocks, *held* not void for want of novelty and invention.

2. SAME—INFRINGEMENT.
   Where one party stands by and permits another to take out a patent, and then takes out a patent for a different invention, he cannot set up that he is the inventor of the first improvement.

3. SAME—NOVELTY.
   Although the question of patentable invention may be open to doubt, the court will not reverse the decision of the patent-office except upon clear evidence.

In Equity.

The facts are as follows:   Both parties claimed priority of invention.   Complainant obtained a patent January 16, 1883.   Defendant claimed that he made the invention at a time when he was employed by complainant in his shop, and it appears that he stood by while complainant made application for a patent without making any claim, and subsequently took out letters himself for another and a different invention.

*Joseph C. Fraley*, for complainant.

*Grady & Gendell*, for defendant.

BUTLER, J.   While the question of patentable invention, respecting complainant's improved lock, may be open to debate and doubt, we do not feel justified in reversing the decision of the patent-office, by anything appearing in the case.

Nor do we think the evidence would justify a conclusion that Fraim was not the first inventor.   While the direct evidence in favor of Shallass' claim is not satisfactory, the inferences arising from his conduct are strongly against him.   He not only stood by and saw Fraim assert his right to the patent, without objection, but directly after took out letters for a different improvement.

The infringement of the second claim is clearly proved; and the infringement of the third is virtually admitted.

The bill is sustained, and a decree must be entered accordingly, and for costs.

[1] Reported by C. B. Taylor, Esq., of the Philadelphia bar.