## METALLIC EXTRACTION CO. v. BROWN.

(Circuit Court of Appeals, Eighth Circuit.   June 18, 1901.)

### No. 1,346.

1. PATENTS—CONSTRUCTION OF CLAIMS.
   Unless the language used clearly requires it, a court will not import into a claim of a patent a feature of construction fully covered by another claim, merely for the purpose of sustaining the claim, and subjecting another to the charge of infringement.

2. SAME—ORE-ROASTING FURNACE.
   Claim 4 of the Brown patent No. 471,264, for an ore-roasting furnace, which covers "in an ore-roasting furnace a wheeled carrier, adapted to travel within the same, having a laterally projecting arm, to which the stirrers or blades are attached, and means for operating the carriers, substantially as herein described," cannot be construed as making the supplemental chamber and slotted wall, described in the specification, and covered by claim 1, an element of the combination, and without it the claim is void for anticipation.

3. SAME—SUIT FOR INFRINGEMENT—COSTS.
   Under Rev. St. § 973, where a complainant alleges infringement of two claims of a patent, and recovers as to one, but the other is held void for anticipation, he cannot recover costs.

On Rehearing.  For former opinion, see 104 Fed. 345.

John H. Miller, for appellant.

P. C. Dyrenforth and William H. Dyrenforth, for appellee.

Before SANBORN and THAYER, Circuit Judges.

THAYER, Circuit Judge. In our former decision in this case (43 C. C. A. 568, 104 Fed. 345) we announced no conclusion respecting the validity of claim 4 of the patent No. 471,264, granted to Horace F. Brown for improvements in ore-roasting furnaces, because on the first argument of the case little, if anything, was said by counsel for either party respecting that claim; for which reason it was assumed that in the estimation of counsel the device covered thereby was unimportant, and that the first claim of the patent, the merits of which were discussed at length, embraced everything of value in the Brown invention. After our previous opinion was filed, complaint was made by the appellant that the decision did not dispose of all the material questions arising upon the record, inasmuch as the fourth claim was left unnoticed. For this reason a motion for rehearing was sustained, and counsel were given leave to file briefs respecting the validity of the fourth claim; the reargument to be confined to that issue. In accordance with such leave, briefs have been filed, and the subject has undergone further consideration.

The fourth claim of the patent in controversy is couched in the following language.

"(4) In an ore-roasting furnace, a wheeled carrier, adapted to travel within the same, having a laterally projecting arm, to which the stirrers or blades are attached, and means for operating the carriers, substantially as herein described."

Counsel for Brown, the patentee, as well as one of his witnesses, who testified as an expert, concede that if this claim is read literally, and confined to a device consisting of four elements, to wit: (1) a wheeled carrier; (2) a laterally projecting arm; (3) stirrers attached to the arm; and (4) means for operating the carriers,—then the claim is anticipated by patent No. 468,736, issued to Charles M. Allen on February 9, 1892, to which a reference was made in our former opinion. 43 C. C. A. 568-571, 104 Fed. 345-348. The subjoined cuts illustrate the wheeled carrier and rabble arm attachments described in the respective patents issued to Brown and Allen.

There seems to be no escape from the conclusion that the fourth claim of the Brown patent is anticipated by the Allen patent. Allen describes a wheeled carrier adapted to run on a track laid within the oven of an ore-roasting furnace, from which arms project with blades depending therefrom to stir the ore, substantially as in the Brown device. The Allen patent also discloses means for operating the carrier which do not differ materially from the means employed by Brown. Letters patent No. 80,065, issued to Robert George on July 21, 1868, which was referred to in our previous decision, seems also to anticipate the carrier device which Brown describes and claims. Counsel for the patentee contend, however, that in order to save the fourth claim of Brown's patent from anticipation, the supplemental chamber and slotted wall described in the patent, and covered by the first claim, should be read into the fourth claim by intendment, as an addi-

Brown's Wheeled Carrier and Rabble Arm.

Allen's Wheeled Carrier and Rabble Arms.

tional element; and this object they propose to accomplish by transposing the language of the claim, so as to make it read as follows: "In an ore-roasting furnace, substantially as herein described, a wheeled carrier adapted to travel within the same, having a laterally projecting arm to which the stirrers or blades are attached, and means for operating the carriers," instead of reading the claim as it is written in the patent, where the words "substantially as herein described" seem to refer to those means for operating the carriers which Brown describes in his specifications and drawings. We are of opinion that the proposed construction of the claim, by which the words last above quoted are made to relate to the clause "an ore-roasting furnace," so as to include the supplemental chamber as one of the essential elements of the fourth claim, is not its natural or proper construction, and we very much doubt whether any such construction of the claim was contemplated by the patentee when the claim was formulated. The language of the claim is well chosen to cover the carrier, which Brown describes as an independent device, disconnected from every other feature of his furnace; and it is

altogether most probable, we think, that he intended to claim broadly any wheeled carrier adapted to run on rails within the oven of an ore-roasting furnace, if it was provided with a laterally projecting arm, from which depended stirrers, and was operated substantially in the manner which he had described. The claim does not contain any apt language which would suggest to a casual reader that the patentee intended to incorporate as one of the elements thereof the invention consisting of the supplemental chamber and slotted partition wall, which are covered completely by the first claim; and, in the absence of words which do clearly indicate such a purpose, we are not disposed to import into the claim a feature of construction already protected by another claim, merely for the purpose of sustaining the claim, and subjecting another to the charge of infringement. Such a method of construing the claims of a patent has often been condemned. McCarty v. Railroad Co., 160 U. S. 110, 116, 16 Sup. Ct. 240, 40 L. Ed. 358; Stearns & Co. v. Russell, 29 C. C. A. 121, 85 Fed. 218; Wilson v. Machine Co., 34 C. C. A. 280, 92 Fed. 167. In the present instance, the supplemental chamber, which, as Brown says in his specification, is the essential feature of his invention, is fully protected by his first claim, and we perceive no necessity for claiming it again in a more limited form, in connection with a carrier device, which is old in the art, nor do we believe that such was his purpose. Entertaining the view, therefore, that Brown intended to claim broadly the carrier device mentioned in his patent, disconnected from the other features of construction embodied in his furnace, and being furthermore of opinion that a carrier such as his patent discloses was at the time old in the art of furnace building, the decree below must be modified to the extent of striking out so much of the decree as sustained the validity of the fourth claim, and enjoined the defendant below from infringing the same.

The point is made by the appellant that if claim 4 of Brown's patent is adjudged to be invalid according to its contention, then, although the decree below is sustained as to claim 1, no costs can be recovered by the complainant below by virtue of sections 973 and 4922 of the Revised Statutes, since no disclaimer was filed by the complainant as to claim 4 before the present action was instituted. This point seems to be well made, and in accordance with the mandate of the statute as it has heretofore been construed. Trap Co. v. Felthousen (C. C.) 20 Fed. 633; Mann's Boudoir Car Co. v. Monarch Parlor Sleeping-Car Co. (C. C.) 34 Fed. 130, 134.

It is accordingly ordered that the decree below be modified in the manner heretofore indicated by expunging those provisions of the decree which adjudged the fourth claim of the Brown patent to be valid, and enjoined the infringement thereof, but that in all other respects the decree below be affirmed, except that each party be required to pay his own costs.