FAIRBANKS, MORSE & CO. v. STICKNEY et al.

(Circuit Court of Appeals, Eighth Circuit.    April 13, 1903.)

No. 1,814.

1. PATENTS—INVENTION—PRESUMPTION FROM GRANTING OF PATENT.

A presumption of patentable novelty arises from the granting of a patent for a new combination of old elements, which can only be overcome by clear proof.

2. SAME—INFRINGEMENT—FRICTION-CLUTCH MECHANISM.

The Hobart patent, No. 655,440, for a clutch mechanism, *held* to disclose invention and patentable novelty, and to be valid and infringed as to claims 3, 4, and 5, but void as to claim 6.

8. SAME—SUIT FOR INFRINGEMENT—COSTS.

Where one claim of a patent is adjudged void in a suit for infringement, the complainant is precluded by Rev. St. § 973 [U. S. Comp. St. 1901, p. 703], from recovering costs, although other claims are held valid and infringed, unless a proper disclaimer as to the void claim was entered before the suit was brought.

Appeal from the Circuit Court of the United States for the District of Minnesota.

For opinion below, see 115 Fed. 720.

Paul Synnestvedt and F. W. H. Clay, for appellant.

John E. Stryker, for appellees.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

THAYER, Circuit Judge.    This is an action to restrain the infringement of letters patent No. 655,440, issued August 7, 1900, to Frank G. Hobart, who assigned the patent to Fairbanks, Morse & Co., the complainant below and the appellant in this court.    The invention covered by the patent, in the language of the patentee—

"Relates particularly to that class of devices which are designed to be used in connecting and disconnecting a moving or driving part with an idler part, or piece to be driven, and is of the class commonly known as 'friction-clutches,' * * * [and] has for its object, primarily, the construction of a device of the type mentioned which will be compact and economical in construction, reliable and efficient in its operation, and arranged to be readily thrown into and out of operation by hand."

The patentee also says:

"A further object of my invention is to provide a novel arrangement of parts in combination with improved devices, whereby great accuracy and security of adjustment are secured, and whereby compensation may be had for wear of the friction surfaces.    A further object of my invention is the provision of a friction-clutch having a hand operating device which will be not only easy to manipulate, but also safe to the operator."

Referring to drawings on the following page, which illustrate the complainant's device as well as the alleged infringing device, figure 1 in the drawing illustrating the complainant's device, represents a driving or power shaft; 2, a loose rotatable pulley mounted on the shaft, carrying a gear (indicated by figure 3) around which a belt may be passed.    This loose pulley flares at one end, and has a recess therein in the shape of a truncated cone, into which a cone-shaped friction

¶ 1. See Patents, vol. 38, Cent. Dig. §§ 35, 52.

sleeve (indicated by figures 4 and 5), that is keyed to the shaft, and rotates with it, but is capable of some longitudinal movement along the shaft, may be forced, and, by coming in contact with the inner surface of the loose pulley, compel it to rotate with the shaft. At the end of the shaft is a threaded extension or spindle, provided with two threads (figures 7 and 10) of different diameters and pitch. Engaging the larger of these threads, 7, on the spindle is a collar block, 8, which is held in place by a nut, 9, mounted on the smaller thread, 10, of the spindle. The collar block, 8, and the threaded extension or spindle revolve with the shaft. At the outer end of the spindle is a hand-wheel or nut, 11, provided with a guard to protect the hand, 15, which hand-wheel or nut engages the small thread, 10, of the spindle. Toggle levers, 12, 12, connect the friction sleeve, 5, with the hand-wheel or nut, 11. When the operator desires to start the machinery, he causes the friction block, 5, to move inward along the shaft so that it will engage the loose pulley, and cause the latter to revolve with the shaft, by simply grasping the hand-wheel, 11, so as to prevent it from revolving with the spindle, whereupon the hand-wheel or nut travels or is drawn inwardly along the smaller thread of the shaft or spindle, the same being in motion, and by means of the toggle arms the friction sleeve, 5, is thrust against the inner surface of the driven sleeve or loose pulley, 2, binds it firmly, and causes it to revolve with the shaft, thus setting the machinery to be moved in operation.

COMPLAINANT'S DEVICE.

DEFENDANT'S DEVICE.

The patent contains, in all, nine claims which differ very little in phraseology, but we only deem it necessary to quote one of the claims in full—the fourth—which will serve to illustrate what the patentee declared to be his invention.

"(4) A friction-clutch comprising a driving-shaft; a loose gear or pulley mounted thereon; a sliding friction-sleeve mounted upon the shaft in position

to be thrown into and out of engagement with the loose gear; a system of bell-crank levers pivotally attached at their angles to the sleeve; a collar or block fixed relatively as to movement between the shaft and sleeve, said block forming a fulcrum for one arm of each of the levers, and means for operating the levers to move the sleeve; said means comprising a threaded extension of said shaft, a hand-wheel or nut working thereon, and connections between the bell-crank levers and said hand-wheel."

The sixth claim mentions the guard flange, 15, as one of the elements of the combination covered by the patent, but this element or part is not mentioned specifically in the other claims.

The patented device seems to be simple, compact, effective in operation, and especially useful in connection with gas engines, in which class of engines the crank shaft must acquire considerable momentum before the load can be imposed which it is designed to carry. Up to July, 1901, about 500 friction clutches, made according to the specifications of the patent, had been manufactured and sold by the complainant.

The defenses to the action that have been interposed are want of patentable novelty and noninfringement. The second of these defenses, in our judgment, is without merit, as the lower court held. It will be observed at a glance that the patented device and the infringing device are very much alike, the one being almost a counterpart of the other. The only noticeable differences in the method of constructing the two clutches are these: In the complainant's clutch the rotatable pulley, 2, is mounted directly on the shaft, 1, while in the defendant's clutch the pulley is journaled on a removable collar which is keyed to the shaft. In both devices, however, the pulley is mounted on the shaft; the only difference being that, while in the one case the pulley comes in direct contact with the body of the shaft, in the other it comes in contact with a collar interposed between it and the shaft. The other difference in the two devices, to be noted, is the following: In the complainant's clutch what is termed the "threaded extension member," 10, is screwed into the end of the power shaft, and extends thence entirely through the hand wheel, 11, carrying the collar block, 8, and the locking nut, 9. This method of construction the defendant has modified slightly; that is to say (referring to the drawing illustrating the defendant's device), the collar or fulcrum block is made in two parts, indicated by figures 8 and 9 in the drawing. The interior part is a collar borne by the shaft. The exterior part, 9, has a threaded engagement with the interior part or collar block, and corresponds very closely with the lock nut, 9, in the complainant's structure. In the defendant's device the threaded extension member, 10, is screwed into the exterior block, 9, and passes through the same, so that its end impinges against the end of the shaft, as indicated by the white rectangular space, 16, in the drawing. The threaded extension member carries the hand-wheel, 11, to which the toggle arms are pivoted, as well as being pivoted to the collar block. The operation of the two devices is identically the same, and the means employed to accomplish the desired end are not substantially different. Both devices have a threaded extension member, a collar block, a cone-shaped friction sleeve to engage the loose pulley, a hand-wheel mounted on the extension member, and toggle arms pivoted to the hand-wheel and

to the collar block, by which the friction sleeve is pushed forward automatically into engagement with the loose pully. The defendant's expert is compelled to admit that, if the complainant's device possesses patentable novelty in view of the prior art, the differences which he points out in the methods of construction are not "patentable distinctions." In that view we fully concur, holding that, if the complainant's clutch is patentable, the defendant's clutch is an infringement.

Turning then to the question of patentability, the structures upon which the defendant particularly relies to show that the complainant's clutch is not patentable, but a mere product of ordinary mechanical skill, are the clutches described in the following letters patent, namely, No. 566,508, issued to William Esty, August 25, 1896; No. 561,198, issued to Jesse H. Brown, June 2, 1896; No. 474,183, issued to Jacob Neuert, May 3, 1892; No. 370,118, issued to John L. Bogert, September 20, 1887; No. 520,528, issued to Edward L. Jones, May 29, 1894; and No. 301,012, issued to Jerome B. Secor, June 24, 1884. It is said that the clutches described in these patents are the nearest approach, which the prior art discloses, to the clutch invented by Hobart, and that of these the Esty clutch was and is the most suggestive. Cuts illustrating the several devices described in the last-mentioned patents will be found on the opposite and succeeding pages. Referring thereto, it will be observed that none of the clutches there described were designed to be placed on the end of a shaft, for which purpose the Hobart clutch was especially constructed, nor can they be so placed. On the contrary, all the clutches to which reference is made, except the Secor clutch, are manifestly designed for other purposes. Thus, the Esty clutch, on which most reliance is placed, was designed to connect two independent line-shafts so as to form one continuous shaft, while the Neuert, Bogert, Jones, and Brown devices are countershaft clutches. The Secor device is a "pin and screw" clutch, especially designed to be used on sewing machines. Now, it may be that the several elements that were combined by Hobart in constructing his clutch can be picked out of the several devices referred to by the defendant, but the particular combination of parts which he made is not found in either of the prior patents, nor, as we think, was the combination thereby suggested. Even if it be conceded that the individual elements composing the combination are to be found in the prior art, yet, to make the selection of these parts from the prior art, and to combine them, as Hobart did, so as to produce a clutch which is at the same time, simple, compact, effective, and useful, required, as we think, more than ordinary mechanical skill. The officials of the Patent Office, with the prior art before them, so found, and granted a patent. This action on their part creates a presumption of patentable novelty, which presumption can only be overcome by clear proof that they were mistaken, and that the combination lacks patentable novelty. Cantrell v. Wallick, 117 U. S. 689, 695, 6 Sup. Ct. 970, 29 L. Ed. 1017; Coffin v. Ogden, 18 Wall. 120, 124, 21 L. Ed. 821; Streator Cathedral Glass Co. v. Wire Glass Co., 38 C. C. A. 573, 579, 97 Fed. 950; Fraim v. Keen (C. C.) 25 Fed. 820; Osborne

ESTY PATENT. No. 566,508.

BROWN PATENT. No. 561,198.

NEUERT PATENT. No. 474,182.

SECOR PATENT. No. 301,012.

BOGERT PATENT. No. 370,118.

JONES PATENT. No. 520,528.

v. Glazier (C. C.) 31 Fed. 402. After a careful consideration of all the clutches to which our attention has been directed, for the purpose of establishing the defense of want of patentable novelty, we are not only not satisfied that the defense has been made out, but are rather disposed to believe that some of the claims of the Hobart patent (particularly the third, fourth, and fifth) cover a meritorious invention, and that the complainant is entitled to protection as respects the invention described in those claims. We are not satisfied that the sixth claim of the patent, which includes as an element the "guard flange," can or ought to be sustained. It cannot be sustained except by reading into it a feature of construction that is fully covered by other claims, and this we do not feel disposed to do. This claim being rejected as invalid, and no disclaimer having been filed before the suit was brought, under section 973 of the Revised Statutes [U. S. Comp. St. 1901, p. 703], the complainant is not entitled to recover his costs. Metallic Extraction Co. v. Brown, 49 C. C. A. 147, 150, 110 Fed. 665, 668, and cases there cited.

It is accordingly ordered that the decree of the lower court be reversed, and that the cause be remanded to that court, with directions to enter a decree in favor of the complainant, awarding an injunction as prayed for in the bill as respects the claims of the patent above specified.