LEONA GARMENT CO. v. JENKS et al.

(Circuit Court, N. D. Illinois, E. D.   June 5, 1907.)

No. 27,945.

PATENTS—INFRINGEMENT—LADIES' GARMENT.

The Critcher patent, No. 781,635, for a combined skirt and drawers, *held* valid and infringed by one style of garment made and sold by defendant, but narrowly construed as required by the prior art, not infringed by other and different styles.

In Equity.   On final hearing.

Coburn & McRoberts, for complainant.
Offield, Towle & Linthicum, for defendants.

SANBORN, District Judge.   Bill for injunction and account for infringement of patent No. 781,635, dated February 7, 1905, on ladies' underwear, granted to Leona J. Critcher, and by assignment owned by complainant.   A preliminary injunction was granted July 23, 1906, based upon admissions both of the validity of the patent and infringement.   The case was put at issue and complainant took its proofs, but defendant offered no proof of any kind.   The patent being presumptive evidence of its own validity, and defendant not having met the burden of proof created by such presumption, the only question is whether the patent has been infringed by defendant.   Fairbanks, Morse & Co. v. Stickney, 123 Fed. 79, 59 C. C. A. 209.

Two kinds of garments are produced as constituting infringements, the first called "Complainant's Exhibit, Defendants' Garment," and the others "Complainant's Exhibit, Defendants' Garment No. 2," and "Complainant's Exhibit, Moran Garment"; the two last being identical.   There is no direct proof of the sale by defendants of the exhibit called "defendants' garment," but the answer admits infringement by making and selling under an alleged license not shown by the proofs.   Complainant was unable to produce the witness who purchased "defendants' garment," but filed her affidavit of such purchase, with proof that she could not be found or her deposition obtained.   The testimony also shows that this witness was sent to purchase the garment, and that she returned with it.   In view of the allegations of the answer as to infringement and license enough appears to show infringement by "defendants' garment," which is substantially the same as the patented article.   The sale by defendants of "defendants' garment No. 2" and the "Moran garment" is fully proved; and the question is thus presented whether they infringe.   The Critcher patent is for a combined skirt and drawers, called the Leona skirt-drawers.   It is simply a one-piece skirt, similar to the ordinary underskirt, and opening in front.   To

the inside of the skirt, and along its front edges, are attached wings to form the drawer-legs, gored, and open from waist to crotch so that the skirt forms the outside surface of drawers. A corset cover, not covered by the patent, completes the garment. The difficulty of sustaining any patent whatever upon an article of clothing is obvious. Upon this record, however, the patent must be held valid, and infringed by "defendants' garment." But counsel for defendants state that this garment is no longer made or sold, the Ideal garment, or three-piece combination suit, being the only one now manufactured; and it is insisted that the Ideal suit, being the same as "defendants' garment No. 2," and the "Moran garment," is not an infringement.

The one claim of the patent in suit is as follows:

"The herein-described combined skirt and drawers comprising a skirt and wings secured to the inner face thereof extending from top to bottom of the skirt and forming portions of the drawers-legs, each drawers-leg consisting of one wing and the adjacent side edge portion of the skirt, each wing being gored at the top to form an opening from the waist to the crotch and united to the extreme side edge of the skirt from the crotch to the skirt bottom, the forward edges of the drawers forming the front of the skirt and being adapted to overlap each other."

The extreme narrow scope of the patent appears by comparison of this claim with that of the prior Chittenden patent No. 765,556, issued about six months before the Critcher patent, which follows:

"The herein-described combined skirt and drawers, the same comprising a skirt having secured thereto, upon its inner face upon each of the opposite sides thereof, a drawers-leg, consisting of two wing portions extending from the upper edge of the skirt to the bottom thereof at a suitable distance apart, each wing being gored at the top to form an opening from the waist to the crotch and joined together from the crotch to the bottom of the skirt, whereby the drawers-leg, upon each side of the skirt comprises for its outer wall that portion of the skirt extending between the two wings making up the remainder thereof, as set forth."

The two garments claimed to be infringements, being defendants' garment No. 2 and the Moran garment, are different in their pattern and construction from both the Critcher and Chittenden garments. The corset cover and drawers-legs are complete in themselves, and the garment is finished by sewing a triangular skirt-piece or tail-piece to the inside of the drawers-legs. On the other hand, in the patented garment, the skirt is in one piece, encircling the body of the wearer; the drawers-legs being attached to the front of the inside of the skirt, and the corset cover sewed to the top of the skirt. This difference in construction makes the bias parts and straight parts of the cloth come in different portions of the garment from the bias and straight parts of the Leona suit, resulting in a different hang and setting, stretching or sagging in different parts, and preventing stretching in different parts from the Leona or patented garment. It is claimed by defendants that these differences make a better garment; and they refer to the evidence of Mrs. Morton, buyer for the muslin underwear department of the Marshall Field Company. She testified that the Leona garments are unsatisfactory in workmanship, material, and fit, and are not satisfactory to the trade, while the Ideal suits are satisfactory both to the trade

and the company. Be this as it may, I am satisfied that the defendants' garment No. 2 and the Moran garment, by reason of their different pattern and construction, and different disposition of the bias portions of the cloth, do not infringe the Leona patent, narrowed so closely by the prior art.

It is a specific patent, limited to the exact construction specified. The defendants' construction is different, resulting also in a different disposition of the goods. These differences are sufficient to prevent infringement.

A decree will be entered sustaining the validity of the complainant's patent, with injunction and account against "Complainant's Exhibit, Defendants' Garment," and like garments, but declaring that defendants' three-piece garments, constructed as herein stated, as shown by "Complainant's Exhibit, Defendants' Garment No. 2," and "Complainant's Exhibit, Moran Garment," and constructions substantially the same, are not infringements. Neither of the parties should have costs.