AMERICAN CARAMEL CO. v. GLEN ROCK STAMPING CO.

(District Court, M. D. Pennsylvania. December 30, 1912.)

No. 127.

1. PATENTS (§ 235*)—"INFRINGEMENT"—CHANGES IN FORM.
    A device which is constructed on the same principle as that of a patent, has the same mode of operation, and accomplishes the same result by the same or equivalent mechanical means, infringes the patent, although it may differ in form.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. § 371; Dec. Dig. § 235.*
    For other definitions, see Words and Phrases, vol. 4, pp. 3590–3594.]

2. PATENTS (§§ 45, 49*) — NOVELTY AND UTILITY — ADMISSION BY INFRINGEMENT.
    An infringement of an improvement patent is a practical admission of the utility and novelty of the patented improvement.
    [Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 51–53, 59–62; Dec. Dig. §§ 45, 49.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

3. PATENTS (§ 112*)—VALIDITY—PRESUMPTION FROM GRANT.

The presumption that the subject-matter of a patent is new, useful, and embodies invention, arising from the grant, is strengthened in an infringement suit, where the prior patents cited by defendant were considered by the Patent Office.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 162–165; Dec. Dig. § 112.*]

4. PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—CARAMEL HOLDER.

The Lafean patent, No. 945,788, for an improvement in caramel holders, was not anticipated and discloses patentable invention; also *held* infringed.

In Equity. Suit by the American Caramel Company against the Glen Rock Stamping Company. On final hearing. Decree for complainant.

John M. Coit, of Washington, D. C., for complainant.

C. T. Belt, of Washington, D. C., and H. C. Brenneman, and John J. Bollinger, both of York, Pa., for defendant.

WITMER, District Judge. This is a suit in equity, praying for an injunction and an accounting, based upon an alleged infringement by defendant of letters patent No. 945,788, dated January 11, 1910, for a certain improvement in caramel holders, issued to Stuart B. Lafean and assigned to complainant. The defendant denies the validity of the patent in suit, and, furthermore, contends that, if such is valid, it has not been infringed by the admitted manufacture and sale of defendant's holders.

The patent belongs to a class of inventions known and described as caramel holders, used and designed to hold a multiplicity of caramels, or like confections, in parallel rows, disposed on a sheet of tin or the like, so that the caramels or confections are held separated from each other, but may be quickly emptied or thrown from the holder when desired; the individual holders for multiple caramels being stacked up in series for packing or shipping, without danger of the caramels in the individual layers being brought in contact with each other. The Lafean invention accomplished this by retaining in position on the plate by a flange on each side of the caramels, which flanges are in pairs and are separated by a small intervening space. As indicated in the patent, the construction is of the same general type as that disclosed in the patent to P. C. Wiest, No. 428,765, which was formerly owned and in use by the complainant, upon which it is apparently intended as a mechanical improvement; it furthermore appearing from the specifications that:

"The object of the invention is to simplify the manufacture of the plates designed to contain the caramels in rows separated from each other, and at the same time to provide means for preventing the caramels from being accidentally displaced."

This is to be accomplished, as claimed, by—

1. A caramel holder, consisting of a sheet having rows of rectangular caramel receiving spaces, each space having central at its sides and ends vertical

flanges extending throughout a part of its length, cut independently from the sheet within the space and bent at right angles thereto.

2. A caramel holder, consisting of a sheet having rows of rectangular caramel receiving spaces, each space having at its sides and ends vertical flanges cut from the sheet within the space and bent at right angles thereto, whereby there will be openings through the sheet within the caramel spaces.

[1] The holder manufactured and sold by the defendant is clearly within the range of these claims. Neither of the defendant's experts have denied that the holder embodied the construction claimed, while both of complainant's experts have found that this holder embodies the structure and all of the advantages described and claimed in the patent. True, it has some features not described in the patent; but these are added to those described in the patent, and not substituted for them. The defendant's holder has certain ribs or creases across its surface and about it margin, no doubt intended to stiffen it; otherwise it has the flanges as claimed by the complainant's patent, which necessarily are produced by like operation. The idea covered by the patent is completely embraced in the idea expressed in the infringement, although the later is more comprehensive than the former.

"Identity exists with reference to the question of infringement, if the idea of means protected by the patent is found, substantially existing, in the invention practised by the alleged infringer." Robinson on Patents, vol. 3, par. 892; Lourie Implement Co. v. Lenhart et al., 130 Fed. 122, 64 C. C. A. 456; Columbia Wire Co. v. Kokomo Steel & Wire Co., 143 Fed. 116, 74 C. C. A. 310.

That the flanges of defendant's holders are segmental or almost semicircular in outline, while in the patent they are shown as rectangular, is not of importance, since they perform the same functions in either, and their form has, therefore, nothing to do with the essence of the invention. Neither technical distinctions nor differences of appearance are as important in determining questions of identity as the substance of the matter in controversy in arriving at the conclusion whether real inventive thought has been appropriated by the defendant.

"The court will look through the disguises, however ingenious, to see whether the inventive idea of the original patentee has been appropriated, and whether the defendant's device contains the material features of the patent in suit, and will declare infringement, even when those features have been supplemented and modified to such an extent that the defendant may be entitled to a patent for the improvement. Crown v. Aluminum Stopper Co., 108 Fed. 845, 48 C. C. A. 72; Robins v. American Road Mach. Co., 145 Fed. 923, 76 C. C. A. 461; Norton v. Jensen, 49 Fed. 859, 1 C. C. A. 452; Dowagiac v. Superior Drill Co., 115 Fed. 886, 53 C. C. A. 36."

It is very apparent that the defendant's holder presents the mechanical subject-matter embodied in the claims of the complainant's patent in the order, relation, and purpose therein set forth, evidencing an invasion of the exclusive right conferred by the patent.

May the patent be disregarded in view of the prior art? Regarding the latter, the Wiest holder, on which it was intended as an improvement, embodies as a whole the nearest approach to it. In the Wiest holder the two adjacent flanges are punched from a single opening

between the caramel holding spaces; the material being cut apart where the two flanges separate and are bent upwardly. In the Lafean patent, on the contrary, the flanges are punched from the material within the candy holding space, and as a consequence each flange is separately punched from the material, having no connection, edge to edge, with some other flange, as in the former. To make the holder with one punching operation, instead of two, and thus economizing in space and its manufacture, and to prevent accidental displacement of caramels, is the object of the improvement. The specifications set forth that:

"It is cheaper to make the plate where all of the flanges can be punched by one operation than where separate strokes are required for different flanges."

Again:

"In addition to the advantage in the process of manufacture, the punching of the flanges separately from the sheet within the margin of the caramel space has the additional advantage of providing openings in the sheet beneath the caramel which serve to hold the caramel more firmly in place on the sheet, so as to prevent accidental displacement."

[2] That the Lafean holder is of such a construction as to enable all of the flanges to be produced by a single operation will not be disputed; hence it can be made more easily and with less cost than a plate requiring double operation. Of course, the claim of the patent is not for the operation, but for the plate, for which novelty is claimed, permitting such operation. I am not persuaded, as contended by defendant, that the flanges in the Wiest holder can be successfully produced by one operation. It appears very plausible, as stated by Lafean in testifying on this subject, that when the sharpened cutting knives of the die are brought down to bear on the tin plate, in the center of the opening permitting the die to pass through, it would tend to tear rather than cut a smooth edge, for want of surface to support the pressure of the cutting die. That Lafean has solved and overcome this objection and produced something by way of improvement is not for the respondent to deny, having adopted his idea of punching the flanges from within the caramel space and applied it to their own invention. If it is not a useful improvement over the holder of Wiest, which defendants are at liberty to use, why do they insist on using it instead? They praise Wiest and imitate Lafean. And, if not novel, why did they not adopt it before?

"An infringement of an invention amounts to an admission of utility, because use implies utility. It is fair to presume that the person using an invention would not do so if he thought it of no utility, and he is estopped to deny that it possesses utility." Cyc. vol. 30, p. 846; Goss v. Scott, 108 Fed. 253, 47 C. C. A. 302; Hillard v. Fisher, 159 Fed. 439, 86 C. C. A. 469.

[3] The presumption is that the subject-matter of the patent is new, useful, and embodies invention, having the approval of the Patent Office in the grant. This presumption comes with great force in the present instance, where it appears that the same patents, Wiest, Hershey, and Bisler, of the prior art, here cited, were considered by the examiner. While the deliberate judgment of the expert tribunals of

the Patent Office is not absolutely binding on the court, it certainly is entitled to great weight.

"The officials of the Patent Office, with the prior art before them, so found and granted a patent. This action on their part creates a presumption of patentable novelty, which presumption can be overcome only by clear proof that they were mistaken, and that the combination lacks patentable novelty. Fairbanks v. Stickney, 123 Fed. 79, 59 C. C. A. 209; Cantrell v. Wallick, 117 U. S. 689 [6 Sup. Ct. 970, 29 L. Ed. 1017]; Coffin v. Ogden, 18 Wall. 120 [21 L. Ed. 821]; Streator v. Wire Glass Co., 97 Fed. 950 [38 C. C. A. 573]; Fraim v. Keen [C. C.] 25 Fed. 820; Osborne v. Glazier [C. C.] 31 Fed. 402."

"There is the presumption arising from the granting of the patent, which, in this case, was issued, as the proceedings in Patent Office show, after full and critical examination, and this after rejections and references to previous patents of a character very similar to those we have in the present record—indeed, some of them are the same. Canda v. Michigan Malleable Iron Co., 124 Fed. 486, 61 C. C. A. 194."

[4] The required proof to invalidate the patent is wanting here, and the patent, which has been found infringed, is affirmed. It follows that the complainant is entitled to the relief sought by the bill, and that the defendant should be enjoined from further infringement, which is accordingly so ordered and adjudged, with costs of suit to be taxed against the defendant. The usual reference may be had by complainant, if desired. An exception is noted for the defendant.

Let a decree be submitted accordingly.