LIQUID CARBONIC CO. et al. v. GILCHRIST CO.

(Circuit Court of Appeals, Seventh Circuit. January 2, 1918. Rehearing Denied March 11, 1918. On Petition for Modification, May 1, 1918.)

No. 2504.

1. PATENTS ⊙══26(2)—VALIDITY—"INVENTION."

While one who, by enlarging the size of a patented article, makes it suitable for a new use, is not entitled to a patent, yet, where the inventor combines a new element with the old device, whereby a new and useful result is obtained, there is "invention," which is patentable.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Invention.]

⊙══For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. PATENTS ⬡⟶328—VALIDITY—INFRINGEMENT.

The Berman patent, No. 962,300, for a dispensing apparatus for use at bars and soda fountains, to contain straws for drinking purposes, *held* valid and infringed as to claim 2, though invalid as to claim 1.

### On Petition for Modification.

3. PATENTS ⬡⟶325—EXCESSIVE CLAIM—DISCLAIMER—COSTS.

Where, through inadvertence, etc., a patentee has claimed that of which he was not the first inventor, he cannot, under Rev. St. § 4922 (Comp. St. 1916, § 9468), recover costs for infringement of the valid portion of the patent, where his disclaimer was not filed prior to the beginning of suit.

4. PATENTS ⬡⟶156—EXCESSIVE CLAIMS—INFRINGEMENT—DISCLAIMER.

Under Rev. St. §§ 4917, 4922 (Comp. St. 1916, §§ 9462, 9468), where a patentee through inadvertence, etc., claimed that of which he was not the original discoverer, but a disclaimer was not filed before suit, no recovery by the patentee for infringement of the valid portion of the patent can be allowed, unless disclaimer be filed within a reasonable time.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Illinois.

Suit by the Gilchrist Company against the Liquid Carbonic Company and William J. Eisenhardt. From a decree for complainant, defendants appeal. Reversed, with directions.

The patent involved is for a straw dispensing device for use at bars, soda fountains, and the like, to contain straws used for drinking purposes, so that customers may take some therefrom, leaving the rest covered and protected. A patent therefor, No. 962,300, was issued to Berman June 21, 1910. The device is shown in patent Fig. 1.

C is the plate or straw holder, attached in its center to rod B, which, by grasping the handle H, is moved up or down within the outer cylinder A. Cover M is attached to the upper part of the rod just below the handle, so that, when the holder C is lowered to the bottom of the cylinder, the cover engages the top of the cylinder, closing it to air, dust, flies, etc. Indentations P in the cylinder arrest at the proper point the upward movement of the plate or holder. When the handle is raised, the straws SS are placed in the cylinder, resting on the plate or holder. They naturally spread out at the top and arrange themselves in spiral form, as shown in Fig. 1. Releasing the handle, the holder drops, and with it the straws, which in descending contract together in the cylinder, and when they reach the bottom are wholly contained within it; the cover closing over the top. When it is desired to use a straw, the customer or the attendant at the bar lifts the handle, and when high enough the straws spread out as shown, one or more are withdrawn, and the handle released, whereupon the straws again drop into the cylinder as before.

The two claims of the patent are alleged to be infringed. They are:

"1. In a dispensing apparatus, an outer cylinder having a perforation in its bottom, a carrier comprising a central rod, a lower plate arranged to fit within said outer cylinder, an upper plate secured to said rod and constituting a cover for said outer cylinder, and an integral handle projecting upwardly from said cover.

"2. In a straw dispensing device, an outer cylinder, a carrier comprising a central rod, a lower plate arranged to fit within said cylinder secured to said rod and constituting a support for the straws, an upper plate secured to said rod and constituting a cover for said cylinder, an upwardly projecting handle for said cover, and means carried by said outer cylinder for limiting the movement of the carrier."

The defense is invalidity of the patent, on the prior art, and noninfringement. The District Court found both claims valid and infringed, and decreed accordingly.

George P. Fisher, of Chicago, Ill., for appellants.
Fred Gerlach, of Chicago, Ill., for appellee.

Before BAKER, ALSCHULER, and EVANS, Circuit Judges.

ALSCHULER, Circuit Judge (after stating the facts as above). [1, 2] The nearest citation in the prior art, and the one mainly relied on for reversal, is McIntyre, No. 629,586, 1899. It assumes to be in the "box or case" art, and to relate more particularly to boxes "adapted to receive and hold pencils, penholders, rules," etc. Fig. 2 of that patent shows the device.

The rod $B$ is connected with the top $G$, which serves also the purpose of a handle to grasp it, and to the lower disk $C$. When $G$ is grasped and raised it also raises disk $C$, bringing up and exposing pencils, etc., which have been placed within the cylinder $A$, and when $C$ is lowered the contents are retained wholly within the then covered cylinder.

McIntyre's device, used as a "scholar's companion" for holding pencils, etc., clearly presents in reduced form the structure of Berman's claim 1. If McIntyre's device had only to be made on a larger scale, in order to use it as a straw dispenser, as described in Berman's claim 1, the latter would not be patentable over McIntyre. The fact that a patented article, without addition, subtraction, or reorganization, except to change its size, may be suited to a use wholly different from that contemplated by its inventor, does not entitle the one who so enlarges it, and subjects it to the new use, to a patent for the enlarged device. But if, to adapt the patented device to the new use, an element must be brought in, not found in the patented article, the combining of the new element with the old device, whereby a new and useful result is obtained, generally involves invention, which is patentable.

Unlike McIntyre's device, which was evidently designed for the individual use of its possessor, Berman's contrivance is intended to be placed on bars and counters where the public may operate it, helping themselves to straws as may be required for use in drinking. If just the enlarged McIntyre box were devoted to this use, it would find serious handicap in the fact that, in lifting the straws, they would frequently be raised too high, thereby causing them to fall out of the cylinder onto the bar or floor, exposing them to unsanitary conditions, subjecting them to breakage, and involving the annoyance and labor of gathering them up and replacing them in the cylinder, perhaps only to be thrown out again by the next user. If Berman may be said to

have had the McIntyre device in mind, he not only conceived its possible adaptability to the new use, but realized that to make practical and successful the intended new use would require a limitation on the upward movement of the straws to avoid the danger of spilling them out of the cylinder. This result he achieved by the very simple expedient of making indentations in the cylinder at places where the straws would be prevented from going higher than just high enough to spread them so the customer may withdraw such as he desires, retaining the others in the cylinder, without danger of their being thrown out through being lifted too high.

Appellant maintains that the expedient of an indentation for such a purpose is so old and so simple that its employment would not involve invention. Considered merely as an element in a device this is undoubtedly true. But, simple as it is, it remained for Berman to conceive, not only the possibility of the McIntyre device in this new use, but also the additional element essential to make the new structure practical and desirable for that use. In this we find Berman exercised invention which was patentable, and which is covered by his claim 2. Claim 1 omits this added element. Respecting the validity of the patent, we therefore conclude that claim 2 is valid, and that claim 1 is invalid on McIntyre.

To escape the charge of infringement, it is claimed appellant's device does not show that the lower plate or holder "fits" in the cylinder, as stated in claim 2, and does not have "an upper plate secured to said rod." We do not think that the word "fit," as employed in claim 2, is to be considered as indicating such a fitting of parts as might be implied between a steam cylinder and its piston, but must be considered with reference to the object of the patent and the function of the plate or holder in such structures. There is no reason why the fit of the plate or holder in the cylinder should be exact, and difference shown in this regard between appellant's and appellee's device is not at all functional or essential. Appellant does not avoid infringement by fitting his plate within the cylinder more loosely than the patentee seems to have done. Appellant's upper plate or lid does not appear to be rigidly secured to the rod, but it is slidably secured to it. The lid could not be removed from the rod without removing screws or cutting the metal. The construction of appellant's device is such that the user must lift a handle at the upper part of the lid. But in lifting this handle he must at the same time lift the rod thus slidably secured to it, and in lifting the rod he lifts the lower plate on which the straws repose, and he thus lifts and exposes the straws in the precise manner of Berman's claim 2. Therefore to all intents and purposes appellant's lid is secured to the rod the same as is Berman's. It accomplishes the same result and in the same manner, and does not escape infringement merely because, after his lid is raised, there is the possibility of an additional movement by sliding the lid down the rod. This slidability in appellant's device is protected by a junior patent grant to Eisenhardt, No. 1,195,451, 1916; and, while this may show improvement of decided merit, which is not necessary here to be considered, yet, in so far as appellant's device incorporates the Berman conception of a rod to be

lifted at its upper end whether by grasping a handle integral with the rod proper, or a handle on the upper end of the lid, which engages the rod, it infringes in this respect. The alleged infringing device incorporating as it does, also, the indentations in the outer cylinder for arresting at the proper place the upward movement of the plate or strawholder, we find claim 2 is infringed.

The decree of the District Court should be modified, by finding claim 1 invalid, and, as so modified, it is affirmed.

## On Petition for Modification.

[3, 4] Petition for modification of the order of this court directs attention to sections 4917 and 4922, Rev. Stat. U. S. (Comp. St. 1916, §§ 9462, 9468) (see margin[1]) and it is urged there should be no decree in appellee's favor under valid and infringed claim 2 of the patent, unless claim 1, which we found to be void, was disclaimed as in these statutes provided, and that in no event is appellee entitled to recover any costs.

That under the circumstances indicated in these statutes, benefit of any recovery by the patentee is denied unless or until disclaimer is filed, and that he is entitled to recover no costs where disclaimer is not filed prior to the beginning of the suit, appears to be too well settled by the statutes and the decisions applying them, to require further elucidation. Sessions v. Romadka, 145 U. S. 29, 12 Sup. Ct. 799, 36 L. Ed. 609; Gage v. Herring, 107 U. S. 640, 2 Sup. Ct. 819, 27 L. Ed. 601; Seymour v. McCormick, 19 How. 96, 15 L. Ed. 557; O'Reilly v. Morse, 15 How. 62, 14 L. Ed. 601; Westinghouse v. Cooper, 245 Fed. 463, 157 C. C. A. 625; Cummer & Son v. Atlas Dryer Co., 193 Fed. 993, 113 C. C. A. 611; Herman v. Youngstown Car Co., 191 Fed. 579, 112 C.

[1] Sec. 4917. Whenever, through inadvertence, accident, or mistake, and without any fraudulent or deceptive intention, a patentee has claimed more than that of which he was the original or first inventor or discoverer, his patent shall be valid for all that part which is truly and justly his own, provided the same is a material or substantial part of the thing patented; and any such patentee, his heirs or assigns, whether of the whole or any sectional interest therein, may, on payment of the fee required by law, make disclaimer of such parts of the thing patented as he shall not choose to claim or to hold by virtue of the patent or assignment, stating therein the extent of his interest in such patent.

Sec. 4922. Whenever, through inadvertence, accident, or mistake, and without any wilful default or intent to defraud or mislead the public, a patentee has, in his specification, claimed to be the original and first inventor or discoverer of any material or substantial part of the thing patented, of which he was not the original and first inventor or discoverer, every such patentee, his executors, administrators, and assigns, whether of the whole or any sectional interest in the patent, may maintain a suit at law or in equity, for the infringement of any part thereof, which was bona fide his own, if it is a material and substantial part of the thing patented, and definitely distinguishable from the parts claimed without right, notwithstanding the specifications may embrace more than that of which the patentee was the first inventor or discoverer. But in every such case in which a judgment or decree shall be rendered for the plaintiff no costs shall be recovered unless the proper disclaimer has been entered at the Patent Office before the commencement of the suit. But no patentee shall be entitled to the benefits of this section if he has unreasonably neglected or delayed to enter a disclaimer.

C. A. 185; Novelty Glass Co. v. Brookfield, 172 Fed. 221, 97 C. C. A. 25; Fairbanks, Morse & Co. v. Stickney, 123 Fed. 79, 59 C. C. A. 209; Metallic Extraction Co. v. Brown, 110 Fed. 665, 49 C. C. A. 147.

Claim 1, which we found void, is material and substantial, though it does not appear that the claim was made through "any willful default or intent to defraud or mislead the public," but rather "through an inadvertence, accident or mistake." No disclaimer of it appearing to have been entered as in the statutes provided, but no unreasonable delay or neglect therein appearing, the order we heretofore made must be and is set aside, and in lieu thereof we make the following order:

The decree of the District Court is reversed, and appellee shall have 60 days after mandate herein is filed in the district court, in which to file there a certified copy of disclaimer of claim 1 of the patent which disclaimer is to be entered in the United States Patent Office; and on the filing of such certified copy of disclaimer the District Court shall enter the usual decree for injunction and accounting under claim 2 of said patent, without costs to appellee. Failing to enter and to file such disclaimer as prescribed, the bill shall be dismissed at appellee's costs. Neither party shall recover costs of this appeal.