J. A. MOHR & SON v. ALLIANCE SECURITIES CO.

STANDARD OIL CO. v. SAME.

(Circuit Court of Appeals, Ninth Circuit. September 7, 1926. Rehearing Denied October 18, 1926.)

No. 4793.

1. Patents ⚖328.

Hopkins patent, No. 1,196,691 for device for atomizing and spraying liquids on surfaces to be coated, *held* unanticipated, valid, and infringed.

2. Patents ⚖66.

When it is sought by means of prior patents to ascertain state of prior art, nothing can be used except what is disclosed on face of such patents.

3. Patents ⚖112(5)—Judgment of patent office officials that combination is unanticipated is entitled to great weight and is overcome only by clear proof.

Though judgment of patent office officials that combination is not anticipated is not absolutely binding on court, it is entitled to great weight, and is overcome only by clear proof that they were mistaken and that combination lacks patentable novelty.

Appeal from the District Court of the United States for the Southern Division of the Northern District of California; Frank H. Kerrigan, Judge.

Separate suits by the Alliance Securities Company against J. A. Mohr & Son and against the Standard Oil Company. Decree for plaintiff (14 F.[2d] 793), and defendants appeal. Affirmed.

C. N. Owen, of Toledo, Ohio, and Chas. E. Townsend, of San Francisco, Cal. (Wm. K. White and Chas. F. Fryer, both of San Francisco, Cal., of counsel), for appellants.

John L. McNab and Byron Coleman, both of San Francisco, Cal. (Samuel E. Darby, of New York City, of counsel), for appellee.

Before GILBERT, HUNT, and RUDKIN, Circuit Judges.

GILBERT, Circuit Judge. The patent here in suit, No. 1,196,691, issued August 29, 1916, to Blake F. Hopkins, was for a means for distributing liquids, and particularly designed as an air brush for spraying paint upon surfaces to be painted. Its object was to provide means whereby liquid under pressure may pass out of a distributing nozzle and at the same time an independent air outlet may be provided whereby the amount of air furnished at the nozzle can be controlled irrespective of the amount of liquid used. We approve the conclusions of the court below in which upon a careful consideration of the issues the patent was sustained, the defense of anticipation and other defenses were found unsustained, and it was found that the appellants had infringed. We deem it unnecessary to discuss all of the questions so examined and answered by the court below upon the trial of the causes, and will refer only to the contention upon which the appellants' reliance is principally placed

—the contention that the invention was anticipated by the prior art.

[1] It is urged that anticipation is shown by the patent to Fisher, No. 584,864, the term of which has long since expired. That patent was cited against the Hopkins application for patent, but the proceedings thereupon resulted finally in the allowance of the Hopkins claims. The question of anticipation is, upon the appeal, narrowed practically to the inquiry whether the stop valve located in the air line to the nozzle in the Fisher patent was a pressure reducing valve. The function of that valve in the Fisher patent was in the specifications not claimed to be pressure reducing, but its purpose was said to be to "cut off all passage." In the Hopkins patent, in addition to a cut-off valve located in the air line, there is also a pressure reducing valve in the air line to the nozzle, and in the paint line from the tank to the nozzle a similar cut-off valve is located. It will be seen that the particular pressure reducing valve in the air line of the Hopkins combination is absent from that of Fisher. But the appellants say that the cut-off valve which Fisher uses is in fact a pressure controlling valve, and that it performs the functions of the pressure controlling valve used by Hopkins. The court below, upon the evidence, found against this contention, and there was testimony to sustain the court's conclusion, testimony that there is a material difference in operation and function between a reducing valve and a cut-off valve of the type described in the Fisher patent, that such cut-off valve is incapable of maintaining uniform pressure, and that no regulation of pressure could be secured therefrom, but only that thereby the volume of the flow would be affected, that in such a valve the pressure is the same on both sides thereof, while with the pressure reducing valve the pressure on the outlet side is uniform and constant, irrespective of the pressure on the incoming side, with the qualification that the pressure delivered from this valve may be less but can never be more than that received by it. There was testimony, it is true, that a valve such as that which Fisher used could be substituted for the Hopkins pressure regulator valve in the air line, but the court below held the contrary and pertinently observed: "Why, if Fisher is adequate, these suits have been contested can be explained only on the hypothesis that defendants believe that there is something of value in Hopkins which Fisher does not possess."

[2, 3] We cannot assent to the proposition that it involved no invention to substitute the Hopkins pressure controlling valve for the Fisher cut-off valve in the air line to the nozzle. It is true that the valves used by Hopkins were well known and that all the elements of his combination were old. But he employed them to solve a problem and successfully solved it—the problem of maintaining a constant and uniform pressure in supplying the atomizing air to the nozzle. It will not do to say that the Fisher combination might by a slight modification be made to perform the same functions. It is to be borne in mind that the prior art here relied upon consists entirely of patents, and that when it is sought by means of prior patents to ascertain the state of the art, "nothing can be used except what is disclosed on the face of those patents. They cannot be reconstructed in the light of the invention in suit, and then used as a part of the prior art." Naylor v. Alsop Process Co., 168 F. 911, 94 C. C. A. 315; Frey v. Marvel Auto Supply Co., 236 F. 916, 150 C. C. A. 178. And the presumption that a patented combination is new and useful and embodies invention has added force where, as here, it appears that the patents relied upon as showing anticipation were considered by expert patent office officials. While their judgment is not absolutely binding on a court, it is entitled to great weight and is to be overcome only by clear proof that they were mistaken and that the combination lacks patentable novelty. Fairbanks v. Stickney, 123 F. 79, 59 C. C. A. 209; Hale & Kilburn Mfg. Co. v. Oneonta, C. & R. S. Ry. Co. (C. C.) 129 F. 598; MacClemmy v. Gilbert Corset Co. (D. C.) 221 F. 73; New Jersey Wire Cloth Co. v. Buffalo Expanded Metal Co. (C. C.) 131 F. 265.

The decrees are affirmed.