Lester F. WILSON, Plaintiff,

v.

MUENCH–KREUZER CANDLE CO., Inc., a corporation, et al., Defendants.

Civ. A. 15273.

United States District Court S. D. California, Central Division.

April 13, 1956.

H. Calvin White and William P. Green, Los Angeles, Cal., for plaintiff.

Lyon & Lyon, Los Angeles, Cal., for defendant.

HALL, District Judge.

The above-entitled action having come on for trial before this Court, and the Court having heard and considered testimony of the witnesses produced on behalf of the respective parties and having considered the exhibits offered in evidence on behalf of the respective parties, and having on March 16, 1956, rendered orally the decision of the Court at the conclusion of the trial, the Court now makes the following Findings of Fact and Conclusions of Law pursuant to Rule 52 of the Federal Rules of Civil Procedure:

### Findings of Fact.

(1) The plaintiff Lester F. Wilson, an individual and the inventor named in the patent in suit, is a resident of San Gabriel, in the County of Los Angeles, State of California.

(2) The defendant Muench-Kreuzer Candle Co., Inc. is a corporation organized and existing under and by virtue of the laws of the State of New York and has its principal place of business in the city of Syracuse, State of New York. This defendant has a regular and established place of business within the Southern judicial district of California, in the City of Los Angeles, State of California.

(3) The named defendant Emkay Candle Co., Inc., allegedly a corporation, was not served with the Complaint herein, and the action has been dismissed as to the alleged defendant Emkay Candle Co., Inc.

(4) This action was instituted by the plaintiff Lester F. Wilson against the defendant Muench-Kreuzer Candle Co., Inc. (hereinafter referred to as defendant) for infringement of United States Letters Patent 2,464,361 granted March 15, 1949, on an application filed March 13, 1945, entitled "Drip Candle," hereinafter referred to as the Wilson patent; such action being brought under the patent laws of the United States and seeking an injunction, accounting for profits and an award of damages.

(5) All the claims, 1 to 6, of the Wilson patent are alleged to be infringed. Defendant answered, alleging as defenses non-infringement, invalidity of the claims in the Wilson patent, and file wrapper estoppel. After answering, defendant in its "Defendants' Statement of Issues Involved" of record in this action, stated:

"From May 17, 1949 to September 5, 1952, defendant manufactured candles with different aniline dyes impregnated in the wick. Infringement by this candle will not be contested.

"Since September 5, 1952 defendants' candles have not had dyes in the wick. Infringement by this candle is in issue.

"This issue involves: Scope of claims
File wrapper estoppel
Limitations imposed by prior art."

(6) The plaintiff Lester F. Wilson is and has been the owner of the Wilson patent.

(7) Defendant's Vice-President and sole witness Norbert C. H. Muench testi-

fied to having received a copy of the Wilson patent from one Carl T. Bolen by transmittal letter dated February 28, 1949. Defendant subsequently was notified of its infringement of the Wilson patent by letter written by plaintiff's attorney dated April 26, 1950.

(8) At the trial, defendant relied upon the following prior patents and publications:

### United States Patents

| Patent No. | Inventor | Issue Date |
| --- | --- | --- |
| 1,596,017 | Harnisch | August 17, 1926 |
| 1,608,518 | Minrath | November 30, 1926 |
| 1,701,844 | Funke | February 12, 1929 |
| 1,908,044 | Nelson | May 9, 1933 |
| 2,184,666 | Fredericks | December 26, 1939 |
| 2,196,509 | Turner | April 9, 1940 |

### Foreign Patents

| Patent No. | Country | Inventor | Issue Date |
| --- | --- | --- | --- |
| 95 | Gr. Britain | Sterry | 1871 |
| 3478 | Gr. Britain | Ascough | 1871 |
| 122 | Gr. Britain | Fields | 1871 |
| 5902 | Gr. Britain | Smith | 1897 |
| 157,209 | Germany | | December 28, 1904 |

(9) The Wilson patent relates to a novel drip candle, so characterized by its formation of wax drippings as the candle burns, which produces during burning and in an unpredictable sequence by reason of the concealment of different coloring materials in the candle, a succession of distinctly and differently colored drippings resulting from the melting of at least a portion of the candle body wax and its acquisition of successively different colors which said portion of the wax would not have before melting. The Court finds this candle to be unique in the candle making art.

(10) Defendant admits having had no knowledge of the manufacture or sale of any candle as defined in the preceding Finding (9) prior to the making of defendant's "Make-A-Rainbow" candle, or prior to March 13, 1945, the filing date of the application for the Wilson patent.

(11) From May 17, 1949 to and including September 5, 1952, defendant manufactured and sold under the trademark "Make-A-Rainbow," candles which were provided with cotton wicks to which were applied different colored wax, colored by wax-soluble aniline dyes, disposed successively on different portions of the wick along its length, the candles being finished from such prepared wicks by dipping in white wax to candle size. Infringement of the Wilson patent by those candles so made from May 17, 1949 to September 5, 1952, is admitted by defendant.

That candle was discontinued by defendant September 5, 1952, and since that date defendant's candles have been manufactured by first dipping a wick to form a thin white wax taper of substantially 1/4 inch thickness upon which there is then painted in successive spaced portions molten wax containing aniline dyes of different colors. The candle is then finished by further dipping to produce a finished candle of about 1 inch maximum diameter, having the colored wax portions covered and concealed within the uncolored wax. The last mentioned candles have been sold under the trademark "Make-A-Rainbow" from September 5, 1952 to date.

Defendant's "Make-A-Rainbow" candles have been sold by it within the ju-

risdiction of this Court following notice to defendant of the Wilson patent.

(12) At the trial defendant produced, demonstrated by burning, and the Court observed, candles allegedly made in accordance with the disclosures in the patents and publications listed above in Finding No. 8. Among these prior patents defendant made particular reliance upon the United States patents to Funke, Nelson and Fredericks, which had for their primary objectives the making of candles which upon burning would have their flames colored by materials such as metal salts contained within the candles, and particularly applied to the candle wicks.

(13) None of the prior patents or publications relied upon by defendant refers to a drip candle, or reveals any contemplation of making a candle which characteristically is of a wax dripping type.

(14) It follows therefore that none of the prior patents or publications relied upon by defendant contains any teaching of a multi-color drip candle which upon burning will produce successively differently colored drippings in the manner taught by the Wilson patent.

(15) The defendant's candle exhibits allegedly following the teachings of Funke, Nelson and Fredericks were inoperative to produce coloring of their flames upon burning, as the patentees represented that the flames would be colored.

(16) Flame coloring candles according to the teachings of Funke, Nelson and Fredericks were not known by defendant to have been sold on any market prior to the filing of the Wilson patent application.

(17) Plaintiff commenced manufacture and sale to customers in various parts of the United States, including the Western states, of his "Magi-Color" candles made in accordance with the Wilson patent, and in a manner similar to defendant's first "Make-A-Rainbow" candles, within a month following the filing of the application for the Wilson patent.

(18) In the burning of defendant's "Make-A-Rainbow" candle manufactured since September 5, 1952, the dyes applied to the wax taper dissolve in the candle drippings as they are formed, in essentially the same manner as the drippings were colored in defendant's first manufactured "Make-A-Rainbow" candles in which the colored wax was applied directly to the wick.

(19) Defendant purposely renders its "Make-A-Rainbow" candles capable of profusely dripping by the use of a smaller wick (9 ply and similar to the wick size employed in plaintiff's "Magi-Color" drip candles) than is used by candle manufacturers in general, and including defendant, in candles which are not made especially to drip.

(20) The Court further finds that suit was filed on December 5, 1949 in the United States District Court, for the Eastern District of Wisconsin, by plaintiff for infringement of the Wilson patent, against Victrylite Candle Company of Oshkosh, State of Wisconsin, in an Action 6354 entitled "Complaint for Infringement of Patent," which suit after answer by the defendant therein, was concluded by consent decree dated May 5, 1950, holding the Wilson patent valid and infringed; and the Court further finds that plaintiff granted to the said Victrylite Candle Company, by agreement dated April 18, 1950, a license, the granting clause in which reads:

"Reserving in himself, his successors and assigns a single and indivisible right of manufacture, use and sale of candles embodying the invention of said patent, Licensor hereby grants to Licensee an otherwise exclusive license under said patent limited, however, to the manufacture, use and sale of candles having dyed cores as distinguished from dyed wicks and comprising at different points axially of the candle at least two different core colors."

(21) Plaintiff purchased from a retail outlet during the week preceding the trial, three boxes of defendant's "Make-A-Rainbow" candles, (Plaintiff's Exhibit

13) which were made as described in the second paragraph of Finding (11) above, by applying dye-colored waxes to thin wax tapers. Examination of longitudinally cut sections of these candles showed the dyes to have migrated through the wax of the tapers and to have colored the surfaces of the wicks.

### Conclusions of Law.

1. This Court has jurisdiction of the parties and of the subject matter.

2. Claims 1 to 6, and each of them, are good and valid in law, and all have been infringed by defendant by the manufacture and sale of its "Make-A-Rainbow" candles prior to September 5, 1952. Defendant's "Make-A-Rainbow" candles sold since September 5, 1952, in their condition as manufactured with the dyes only at the surfaces of the tapers, infringe only claim 1 of the Wilson patent.

3. Examination of the file history of the Wilson patent application reveals no estoppel against plaintiff's assertion of validity and infringement.

4. The prior art relied upon by defendant does not support defendant's contentions of invalidity in view of the rules and laws as laid down in J. A. Mohr & Sons v. Alliance Securities Co.; Standard Oil Company v. Same, 9 cir., 1926, 14 F.2d 799; Flakice Corporation v. Liquid Freeze Corp., D.C.N.D.Cal. 1955, 130 F.Supp. 471; Dewey & Almy Chemical Company v. Mimex Company, Inc., 2 Cir., 124 F.2d 986.

5. Victrylite Candle Company is neither a necessary nor indispensible party in this action.

6. Plaintiff is entitled to an injunction and an accounting for profits and damages by reason of defendant's infringement.

7. Each party shall bear its own costs herein.

In accordance with the Findings of Fact and Conclusions of Law,

It Is Ordered, Adjudged and Decreed:

### Final Judgment

1. The Wilson patent in suit No. 2,-464,361, and all the claims thereof are good and valid in law, and have been infringed by defendant.

2. An accounting shall be had and is hereby ordered of the total infringing candles manufactured by defendant.

3. Failing agreement by plaintiff and defendant as to the manner of making and rendering the accounting, the sufficiency of the accounting, and compensation due plaintiff by reason of defendant's infringement, plaintiff may apply to the Court for an order directive of the accounting and basis of compensation to plaintiff, to be followed and applied.

4. Effective as of April 30, 1956, defendant, its officers, agents, servants and employees, are hereby enjoined from manufacturing or selling or offering for sale in the United States and its territories, its multi-color "Make-A-Rainbow" drip candles as manufactured in the past, and any other similar candles which infringe any of the claims in the Wilson patent 2,464,361.