ATLAS-PACIFIC ENGINEERING COMPANY, a corporation, Appellant,

v.

GEO. W. ASHLOCK COMPANY, a corporation, Appellee.

No. 19041.

United States Court of Appeals Ninth Circuit.

Dec. 15, 1964.

As Amended on Denial of Rehearing March 10, 1965.

States, 332 U.S. 392, 68 S.Ct. 12, 92 L. Ed. 20; and United States v. Griffith, 334 U.S. 100, 68 S.Ct. 941, 92 L.Ed. 1236.

Edward B. Gregg, Melvin R. Stidham, San Francisco, Cal., for appellant.

James M. Naylor, Frank A. Neal, Naylor & Neal, San Francisco, Cal., for appellee.

Before HAMLIN and MERRILL, Circuit Judges, and BASTIAN, Circuit Judge, sitting by designation.

BASTIAN, Circuit Judge.

This is an appeal from a judgment of the District Court in an infringement suit. Plaintiff in the District Court (appellee here) alleged that Claims 5 and 11 of Patent 2,406,736, granted to plaintiff's predecessor in interest for a machine for the automatic high speed pitting of olives, had been infringed. Defendant denied infringement, claimed among

other things invalidity of the claims, and urged that the patent was unenforceable because of misuse thereof. At the trial, Claim 5 was withdrawn from issue.

After a lengthy trial, the District Court entered extensive findings of fact and concluded that Claim 11 was valid, had been infringed, and awarded damages. Geo. W. Ashlock Co. v. Atlas-Pacific Engineering Co., D.C., 225 F.Supp. 205.

■■ Our examination of the record convinces us that there is warrant in the record for all the findings and conclusions of the trial court with respect to the substantive claims of and defenses to infringement, but this is not dispositive of the case.[1]

In findings of fact 29 and 30, the trial court found that Atlas' *total* income from rental of the infringing machines was $37,988.92, and that this amount was "a reasonable royalty for the defendant to pay to the plaintiff for the use of said infringing machines." With this we cannot agree, though we do not mean to say that $37,988.92 might not be reasonable as a total sum of damages.[2]

Under 35 U.S.C. § 284 [3] the court is directed, upon finding for the plaintiff upon the merits of the infringement claim, to

---

1. The recent Supreme Court decision in Brulotte v. Thys Co., 85 S.Ct. 176, decided November 16, 1964, does not require a different result. There the Court upheld a defense of misuse and reversed the judgment of the Supreme Court of Washington "insofar as it allows royalties to be collected which accrued after the last of the patents incorporated into the machines had expired." 85 S.Ct. 178. The misuse in Brulotte was found in royalty agreements which extended beyond the expiration date of the patents involved and the Court remarked that under the circumstances "the licensor was using the licenses to project his monopoly beyond the patent period," 85 S.Ct. 179, and the Court held that royalties based on post-expiration use were illegal *per se*. Brulotte is not applicable in the instant case for two reasons. First, the damages awarded were specifically restricted to the period during which the patent was valid, see Findings of Fact 30 through 36, 225 F.Supp. at 220–221, and presumably at the new trial no damages will be allowed for any post-expiration period.

Just as in Brulotte where the patentee-licensor could not collect royalties from its licensees for post-expiration use, here appellant, a third-party infringer, is not liable for damages for any post-expiration use. There can be no infringement after a patent has expired. Second, the trial court specifically considered and rejected the defense of misuse, finding that the "evidence does not * * * show a significant relationship between the '736 patent and plaintiff's leasing practice sufficient to sustain defendant's position that plaintiff's leasing practice is being used to extend the monopoly of the '736 patent." Finding of Fact 26, 225 F.Supp. at 220.

2. The total award was $40,488.92, consisting of the $37,988.92 attributable to six infringing machines actually used under lease from Atlas, plus $2,500.00 for five machines still in the process of manufacture. We deal only with the former as no error appears with respect to the latter.

3. "Upon finding for the claimant the court shall award the claimant damages ade-

award damages "adequate to compensate for the infringement, but in no event less than a reasonable royalty." Our independent examination [4] of a number of cases, which are not at all uniform, reveals that there is a variety of possible elements of damages for patent infringement, such as the profits made by the infringer,[5] the actual damage to the patentee, such as loss of sales, especially if such damage exceeds the infringer's profit,[6] or a reasonable royalty, if one can be shown.[7]

The only evidence tending to show anything with respect to the amount of a royalty is Ashlock's letter to its lessees reducing the rental rate for its machines from $1\frac{1}{2}\cent$ per pound of pitted olives to $1\frac{1}{4}\cent$, and attributing the reduction to the expiration of the patent. This $\frac{1}{4}\cent$ per pound reduction may have been due only to the competition to be faced by Ashlock after its patent monopoly ended, but equally it could have represented Ashlock's valuation of the worth of the patent (i. e., the royalty included in the rental). The total rental income acquired by Atlas was derived from a rental charge of $1\frac{1}{4}\cent$ per pound of pitted olives, an amount five times as great as the $\frac{1}{4}\cent$ per pound reduction made by Ashlock. With no other evidence to show a royalty value, the award, if based solely on the criterion of reasonable royalty, seems excessive.[8]

However, as pointed out, the award need not be limited to a reasonable royalty. Ashlock may ask for whatever damages it incurred because of Atlas' infringement and, although the profits made by Atlas—not its total rental but its net profit after allowable expenses are deducted—are not recoverable as such, they may provide evidence of an element of Ashlock's damages (i. e., the loss of profits to Ashlock). See Livesay Window Co. v. Livesay Industries, Inc., 251 F.2d 469 (5th Cir. 1958), and the persuasive reasoning of four of the five majority justices in Aro Manufacturing Co. v. Convertible Top Replacement Co., 377 U.S. 476, 502–514, 84 S.Ct. 1526, 12 L.Ed.2d 457 (1964).

In any event, since Findings of Fact 29 and 30 must be taken at face value, with the result that the $37,988.92 award was based solely on the criterion of reasonable royalty, then, as we have said, it is excessive and clearly erroneous. Therefore, we must reverse and remand for a new trial restricted to the issue of damages. In so doing, we do not intend to lay down a broader rule of the case than that, based on the record before us and the findings of the court, the award of damages, measured as it

quate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.

"When the damages are not found by a jury, the court shall assess them. In either event the court may increase the damages up to three times the amount found or assessed.

"The court may receive expert testimony as an aid to the determination of damages or of what royalty would be reasonable under the circumstances. July 19, 1952, c. 950, § 1, 66 Stat. 813."

4. Appellee's brief did not reply to appellant's argument on the measure of damages, and appellee's counsel did not reach the point in oral argument.

5. Zysset v. Popeil Bros., 318 F.2d 701 (7th Cir. 1963) ; Henry Hanger & Display Fixture Corp. of America v. Sel-O-Ral Corp., 270 F.2d 635 (5th Cir. 1959) ; Mason City Tent & Awning Co. v. Clapper, 144 F.Supp. 754 (W.D.Mo.1956) ; and see International Industries v. Warren Petroleum Corp., 248 F.2d 696 (3rd Cir. 1957), cert. dismissed, 355 U.S. 943, 78 S.Ct. 529, 2 L.Ed.2d 523 (1958).

6. Birdsall v. Coolidge, 93 U.S. 64, 23 L. Ed. 802 (1876) ; Eversharp, Inc. v. Fisher Pen Co., 204 F.Supp. 649 (N.D.Ill. 1961) ; Wilson v. Muench-Kreuzer Candle Co., 143 F.Supp. 648 (S.D.Cal. 1956), rev'd on other grounds, 246 F. 2d 624 (9th Cir.), cert. denied, 355 U.S. 882, 78 S.Ct. 149, 2 L.Ed.2d 113 (1957).

7. Appellant also argues that the damages should be apportioned, inasmuch as the patent covers only about twenty-five per cent of the olive pitting machine. We agree with Finding of Fact 28 that this is neither possible nor practical.

8. The statute, 35 U.S.C. § 284, permits the court to increase the assessed damages up to three times the amount found, but there is no indication that this was done in this case. Further, since the findings reflect nothing but good faith on Atlas' part, increasing the damages would hardly seem justified.

is by the reasonable royalty concept, is excessive. Nor do we intend to lay down a rule as to what damages may be proved at the new trial. Also, we think that the issue of the measure of damages should be argued before the trial court, which will have the evidence of damages introduced at the new trial available to it. This will also restore to Ashlock its opportunity to assist the court by presenting its view of the proper measure of damages.

Reversed and remanded for a new trial on the issue of damages.