**WELL SURVEYS, INC., now Dresser Systems, Inc. and Dresser Industries, Inc., Appellants,**

v.

**PERFO–LOG, INC., Appellee.**

**No. 9649.**

United States Court of Appeals
Tenth Circuit.

June 4, 1968.

Rufus S. Day, Jr., Cleveland, Ohio (Richard M. Donaldson, James A. Peabody, Oklahoma City, Okl., and Robert K. Schumacher, Chicago, Ill., on the brief), for appellants.

Welton B. Whann, Los Angeles, Cal. (W. D. Hart, Pauls Valley, Okl., on the brief), for appellee.

Before BREITENSTEIN, SETH and HICKEY, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant-plaintiff Well Surveys, Inc.,[1] sued appellee-defendant Perfo-Log, Inc., for infringement of the Swift Patent No. 2,554,844 and the Peterson Patent No. 2,967,994. Perfo-Log denies infringement and asserts patent misuse as a defense. The trial court granted summary judgment for Perfo-Log on the ground of misuse of the Swift patent.

This litigation is an episode in the prolonged controversy between WSI and McCullough Tool Co. over the Swift patent. In McCullough Tool Co. v. Well Surveys, Inc., 10 Cir., 343 F.2d 381, cert. denied 383 U.S. 933, 86 S.Ct. 1061, 15 L.Ed.2d 851, we upheld the validity of the Swift patent and said that WSI had purged itself of misuse in 1956 by the adoption of different licensing practices. WSI brought further proceedings against McCullough which have been disposed of in our recently filed opinion Nos. 9426 and 9427, McCullough Tool Co. v. Well Surveys, Inc. [McCullough Tool Co. v. Dresser Industries, Inc.] 395 F.2d 230.

McCullough is admittedly assisting Perfo-Log in the present suit.

The Swift patent covers a system of measuring radiation from the earth formations around a well casing and, at the same time, locating the collars of the casing as a positive indication of the depth at which particular radiation is measured. The expiration date of the Swift patent is May 29, 1968.

The Peterson patent relates to a type of collar locator which can be used with the Swift system. It expires January 10, 1978. Various other collar locators can be used for the same purpose as Peterson.

Perfo-Log moved for summary judgment on the ground that WSI had misused the Swift patent. The motion was originally supported by 8 immunity agreements given by WSI to various well loggers. Sixty-five other immunity agreements were later filed. In opposition WSI submitted several affidavits to which reference will be made later. At the conclusion of the argument on Perfo-Log's motion, WSI requested permission to file a motion for partial summary judgment adjudicating the misuse issue in its favor. No objection was made and the court granted WSI permission to file.

The district court found that licensees under the immunity agreements could not terminate until after the expiration of the Swift patent; and that there was no provision for change in royalty base or for diminution in royalty after the expiration of the Swift patent. On the basis of these findings the court held that WSI had misused the Swift patent and granted the Perfo-Log motion for summary judgment. The WSI motion for partial summary judgment was denied.

■■ The courts withhold aid to a party who has used his patent right contrary to the public interest.[2] A patentee

1. Well Surveys, Inc., the original plaintiff, has changed its name to Dresser Systems, Inc., and has transferred the patents involved herein to its parent corporation, Dresser Industries, Inc. Hereinafter the plaintiffs will be referred to as WSI.

2. Morton Salt Co. v. G. S. Suppiger Co., 314 U.S. 488, 492, 62 S.Ct. 402, 86 L.Ed. 363.

is not entitled to continue to receive "the benefit of an expired monopoly." [3] In our first McCullough decision we reviewed the principle of misuse and the package licensing of patents. We concluded that package licensing was not misuse in the absence of coercion and said: [4]

> " * * * in order to constitute a misuse, there must be an element of coercion, such as where there has been a request by a prospective licensee for a license under less than all of the patents and a refusal by the licensor to grant such a license."

In the second McCullough decision [5] we considered claims that WSI had misused its patents through monopolization of the well-logging industry, improper extension of its patent monopoly, and unfounded infringement threats and litigation. We held that the showing made was insufficient to establish a change in the licensing practices which we approved in the first McCullough decision and rejected the claims of misuse.

█ With this background we come to the case at bar. Perfo-Log says that the licenses which it submitted in support of a summary judgment motion establish per se a misuse of the Swift patent. Prime reliance is had on eight agreements which covered both the Swift and the Peterson patents. These agreements were not terminable at the will of the licensee until the lapse of varying periods after the expiration of the Swift patent. The uniform royalty rate of 5% was not diminished after the expiration of Swift. The royalty provision reads thus:

> "3.02 Company agrees to pay DII [WSI] as royalty on each Radioactivity Well Surveying operation conducted by Company, which, if unlicensed, would infringe the Patent Rights of DII

[WSI] during the term of this agreement an amount equal to five per cent (5%) of the gross charge (exclusive of mileage) made for the survey so conducted or a sum of ten dollars ($10.00), whichever is greater."

The literal language does not exact a royalty on an expired patent because payment is required only for operations which infringe a patent right of WSI. There can be no infringement of an expired patent.[6]

Although the royalty rate does not change, the base for that rate changes because after the expiration of Swift, no royalty is payable unless the Peterson patent is used in the logging operations. The lack of diminution in royalty rate for the use of Peterson without Swift and the provisions for termination do not of themselves establish coercion. The question is whether the licensee was forced to enter into a package arrangement. Perfo-Log offered nothing on this point but relied on the agreements. WSI submitted the affidavits of two officers to show a continuation of the license practices approved in our first McCullough decision. One of the affidavits stated:

> "Every prospective licensee was offered a license under any of the radioactivity well surveying patents of Dresser Industries, Inc. and/or Well Surveys, Inc. which it desired, individually or collectively, upon negotiated reasonable terms. No licensee or prospective licensee was ever coerced to pay royalty on or for any operations covered by any expired patent."

█ To support its argument that the licenses per se establish patent misuse, Perfo-Log relies on the decision in Rocform Corp. v. Acitelli-Standard Con-

3. See Scott Paper Co. v. Marcalus Manufacturing Co., 326 U.S. 249, 257, 66 S. Ct. 101, 105, 90 L.Ed. 47.

4. McCullough Tool Co. v. Well Surveys, Inc., 10 Cir., 343 F.2d 381, 408, cert. denied 383 U.S. 933, 86 S.Ct. 1061, 15 L.Ed. 2d 851.

5. McCullough Tool Co. v. Well Surveys, Inc., 10 Cir., 395 F.2d 230, opinion filed May 16, 1968.

6. Atlas-Pacific Engineering Co. v. Geo. W. Ashlock Co., 9 Cir., 339 F.2d 288, 289, note 1, cert. denied 382 U.S. 842, 86 S.Ct. 55, 15 L.Ed.2d 83.

crete Wall, Inc., 6 Cir., 367 F.2d 678. That case concerned patents, one of which was of basic importance, for pouring concrete basement walls. The license agreement covered several patents and provided no royalty reduction after the expiration of the basic patent. The Sixth Circuit held that the lack of diminution in royalty and the absence of an appropriate termination clause established misuse. One judge dissented on the basis of our first McCullough decision. Id. at 682. In its statement of facts the Sixth Circuit said that Rocform offered to license only under its standard package agreement. In the case at bar, the affidavits submitted by WSI show a willingness to license any or all patents under reasonable, negotiated terms. If the Rocform decision is taken as holding that a package license, including both important and unimportant patents, is misuse per se when there is no diminution in royalty, or provision for termination, after the expiration of an important patent, we respectfully disagree and adhere to our decision in the first McCullough case. The relative importance of patents has no significance if a licensee is given the choice to take a patent alone or in combination on reasonable terms. Freedom of choice is the controlling question.[7]

 Perfo-Log argues that the district judge drew a permissible inference of misuse from the licenses and that under United States v. United States Gypsum Co., 333 U.S. 364, 394, 68 S.Ct. 525, 92 L.Ed. 746, this inference is binding on the appellate court unless clearly erroneous. The difficulty is that the inference was drawn on a motion for summary judgment. In such a situation "the inferences to be drawn from the underlying facts * * * must be viewed in the light most favorable to the party opposing the motion."[8] Here the inference runs contrary to the un-

controverted showing by WSI that it offered to license any or all of its patents on reasonable, negotiated terms. In such circumstances the inference is not controlling. At the most it establishes a genuine issue as to a material fact and, under the provisions of Rule 56(c), F.R. Civ.P., precludes the grant of a summary judgment.

WSI urges that summary judgment on the misuse issue should have been given in its favor. Although we are convinced that the showing by WSI's affidavit of readiness to license any or all of its patents on reasonable terms is sufficient to defeat the Perfo-Log motion for summary judgment, we cannot say that such showing entitles WSI to the relief it seeks. The fact finder must weigh the provisions of the license agreements against the facts surrounding the grant of those licenses. In our opinion this is not a case for the use of the summary judgment procedure.

The judgment is reversed and the case is remanded for trial on the merits.

---

7. We find nothing in Hazeltine Research, Inc. v. Zenith Radio Corp., 7 Cir., 388 F.2d 25, that conflicts with our conclusions. It is there recognized that economic coercion must be shown.

8. United States v. Diebold, Inc., 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176. See also Frey v. Frankel, 10 Cir., 361 F.2d 437, 442.